### J. P. GRAY V. THE STATE.

No. 10904.　Delivered May 11, 1927.

Rehearing denied June 15, 1927.

**1.—Murder—Sentence of Court—Correctly Entered.**

Appellant was convicted of murder in Henderson County in the year 1915 and the punishment fixed at ninety-nine years in the penitentiary, and judgment entered. Pending the hearing of his motion for a new trial he escaped, and when captured during the present year, 1927, he was taken before the court and sentence pronounced. This procedure was proper.

**2.—Same—Continued.**

Art. 773, C. C. P., 1925, sets out four reasons which may be advanced why sentence shall not be pronounced. None of such provisions are applicable to this case.

**3.—Same—Continued.**

The sentence was not pronounced nunc pro tunc. It follows the judgment, and the judgment follows the verdict. The failure to pronounce the sentence at an earlier date was due to appellant's escape, and remaining a fugitive during the interim.

**4.—Same — Charge of Court — Not Contained in Record — No Reversible Error Presented.**

Appellant now complains that the charge of the court is not brought forward in the record. After the lapse of twelve years from the date of the trial, the clerk was unable to find the original charge. There is no question but that a written charge was given. It is referred to in appel-

lant's motion for a new trial. In his motion for a new trial no error is pointed out that would call for a reversal of the case.

**5.—Same—Sentence Reformed.**

In compliance with the provisions of the indeterminate sentence law, the sentence will be reformed so as to sentence appellant to confinement in the penitentiary for not less than five, nor more than ninety-nine years.

ON REHEARING.

**6.—Same—No Error Presented.**

All matters presented by appellant in his motion for a rehearing have been properly passed upon in the original opinion, and his motion is overruled.

Appeal from the District Court of Henderson County. Tried below before the Hon. Ben F. Dent, Judge.

Appeal from a conviction of murder, penalty ninety-nine years in the penitentiary.

The opinion states the case.

*R. A. Sigler* and *Sam Holland* of Athens, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction of murder, punishment ninety-nine years in the penitentiary.

Appellant was convicted in 1915, judgment was promptly entered adjudging him guilty of the offense of murder and fixing his punishment at ninety-nine years in the penitentiary. A motion for new trial was made by appellant, but never passed on by the trial court because of the escape from confinement of the appellant, who appears to have been again taken in custody during the present year of 1927. When brought before the District Judge to receive sentence in accordance with the judgment entered, appellant made three objections to being sentenced. Art. 773, 1925 C. C. P. sets out four reasons which may be advanced why sentence shall not be pronounced upon one who has been convicted of a felony, and in the statute it is stated that these are the only reasons which can be shown on account of which sentence can not be pronounced. The objections made by appellant in the instant case to being sentenced, come under none of the four reasons enumerated by statute, and for that reason will not be considered by us.

It is specifically provided by Art. 772, 1925 C. C. P. that if

there be a failure to enter judgment and pronounce sentence during the term, the judgment may be entered and sentence pronounced at any succeeding term of the court. It is also provided by Art. 768 Id. that sentence may be pronounced in the presence of the defendant at any time after the expiration of the time allowed for making the motion for a new trial or motion in arrest of judgment. The sentence in this case was not a sentence nunc pro tunc, which would merely be an attempt to sentence a man now for then. At the time referred to as then, the accused could not be sentenced because he was an escaped prisoner and could not be brought before the court. As far as this record reveals he is brought before the court the first possible opportunity after the entry of judgment. We are not inclined to hold appellant entitled to three days notice. The learned trial judge in the instant case was not entering a judgment nunc pro tunc but was merely sentencing this appellant following a judgment duly rendered.

There are two verdicts on the back of the indictment, in which three men were charged with murder. No defendant is named in either verdict. One fixes a penalty of five years in the penitentiary and the other a penalty of ninety-nine years in the same place. The judgment entered in 1915 in the instant case adjudges the appellant guilty of murder and fixes his punishment at ninety-nine years in the penitentiary. The sentence looks to and follows the judgment and is not entered with a view to the verdict. The judgment entered reflects the verdict.

We find in the transcript in this case no charge of the court. The district clerk certifies that he had made diligent search in his office and finds no charge. We have no rules governing cases such as this, where a man has been an escaped prisoner for twelve years and then is recaptured and returns and attempts to raise questions of this kind. In the motion for new trial filed by appellant immediately following his trial, he makes no complaint of the failure of the court to give the jury a written charge, but on the contrary does object because the court in his charge does not submit the law of circumstantial evidence, and complains of the charge on manslaughter. Art. 847, 1925 C. C. P. sets out certain presumptions that this court is required to indulge on appeal, one of which is "that the court's charge was certified by the judge and filed by the clerk before it was read to the jury." No such issue was made in the court below at the time of trial and we give effect to the presumption mentioned.

We observe that the sentence in this case entered in 1927 fails to take into consideration the provisions of the indeterminate

sentence law.   The sentence will be reformed so as to sentence appellant to confinement in the penitentiary for a period of not less than five nor more than ninety-nine years.   As reformed the judgment will be affirmed.

*Affirmed.*

Morrow, P. J. not sitting.

LATTIMORE, JUDGE.—Appellant again insists that this conviction can not be upheld because the charge of the court does not appear in the record on appeal. The long period of time intervening between the time of trial and the recapture of appellant and his sentence, and this appeal, can very readily account for the inability of the clerk to find the charge.   As stated in the original opinion, there was no contention made on the trial that a charge was not given.   It is recited in the judgment of the court that a charge was duly given to the jury, and, as already referred to, complaint was made in the motion for new trial that the court did not charge on circumstantial evidence.   In the absence of a statement of facts it would be impossible for us to tell whether the refusal of the court to charge on circumstantial evidence was error or not, but under the facts in this case we are unwilling to hold it reversible error for the charge not to appear in the record on appeal.

The motion for rehearing will be overruled.

*Overruled.*