Charles Ray SCALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 45882.

Court of Criminal Appeals of Texas.

March 21, 1973.

Rehearing Denied June 6, 1973.

Bennett Stokes, Houston, for appellant.

Carol Vance, Dist. Atty., and James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for robbery by assault. Trial was before the court upon a plea of not guilty and punishment was assessed at ten years.

Appellant's sole contention is that he was denied effective assistance of counsel, in that his court-appointed attorney did not effectively question the two complaining witnesses regarding the pretrial identification of appellant as the man who robbed them.

The record reflects that Zan Nelson and Grace Nelson were outside the Sessions Motel in Houston, on the night of March 13, 1971, when a man, later identified as appellant, pointed a gun at Zan Nelson and demanded his money after which he demanded Grace Nelson's money and jewelry. After ordering the Nelsons into their car, the appellant drove the Nelsons' car to a construction site where they were met by men in another car. Grace Nelson was ordered to get in the second car with appellant and two other men. Subsequently, the other two men left and appellant told Grace Nelson that he was going to rape her. Following an outcry by Grace Nelson, the appellant fled.

Appellant directs our attention to the identification testimony of the two victims of the robbery. He points to the following factors which he urges reflect that appellant was not effectively represented in the trial court:

1. Appellant's trial counsel did not request the police report to verify the description Zan Nelson said he gave police of the assailant.

2. Appellant's trial counsel did not sufficiently pursue the questioning of Grace Nelson regarding the description she gave the police of the assailant and failed to request the police report to verify same.

3. Appellant urges that there must have been pretrial identification of appellant by the Nelsons, and that trial counsel did not pursue this subject to determine how pretrial identification was made.

We find appellant's reliance on Gomez v. Beto, 462 F.2d 596 (5th Cir., 1972) to be

misplaced. In Gomez v. Beto, supra, the court noted that the defendant had only one possible defense to the crime; that he was in another city at the time of the crime. The defendant gave his attorney the names of witnesses who would testify to such fact and requested his attorney to contact the witnesses, but counsel refused to do so. At a later date, the witnesses testified at a state habeas hearing. Under the foregoing circumstances, the court concluded that the defendant did not have effective assistance of counsel.

■ In the instant case, the in-court identification of appellant by the victims was positive. The evidence reflects that the appellant was with the victims a substantial length of time on the occasion which gives rise to this prosecution. Even in the illuminating light of hindsight, it is highly speculative whether the course appellant urges his trial counsel should have taken would have yielded a meritorious defense. Assuming such trial tactics would have raised a defense, it must be remembered that an indigent's right to counsel means the right to effective counsel rather than errorless counsel. Powers v. State, Tex.Cr.App., 492 S.W.2d 274 (1973); MacKenna v. Ellis (5th Cir., 1960) 280 F. 2d 592. To find appellant's trial counsel ineffective for the reason urged would set a standard in judging the effectiveness of trial counsel which would require a finding of ineffective representation in virtually every case.

■ Further, the adequacy of an attorney's services on behalf of the accused must be gauged by the totality of the representation. Satillan v. State, Tex.Cr. App., 470 S.W.2d 677; Witt v. State, Tex. Cr.App., 475 S.W.2d 259.

■ A review of the record before us reflects that appellant had effective representation in the trial court.

The judgment is affirmed.

Opinion approved by the Court.