**Danny Lee MURPHEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47426.**

Court of Criminal Appeals of Texas.

Oct. 10, 1973.

John L. Shepherd, Seminole, for appellant.

Joe Smith, Dist. Atty., Seminole, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for rape of a female under the age of eighteen years. The appellant, after being duly admonished, entered a plea of guilty before the court and punishment was assessed at ten years.

At the outset appellant contends the court erred in overruling his motion for new trial in that the co-defendant Luther B. Murphee (appellant's brother) did not enter a plea of guilty after a plea bargaining session in which appellant and the co-defendant agreed to enter pleas of guilty upon the State recommending ten year sentences. Upon entering a plea of guilty, appellant received the punishment the State agreed to recommend. Patently, the holding in Santobello v. New York,[1] 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427, does not extend to a plea bargain entered into between the State and a third person. No error is shown.

Appellant contends that the court erred in failing to grant his motion for a new trial for the reason that prosecutrix was a married woman.

Appellant urges that the conviction is not supported by the evidence in that the record reflects that prosecutrix was 15 and had been married at the time in question. Article 1183, Vernon's Ann. P.C., provides that if prosecutrix "is fifteen years of age or over the defendant may show in consent cases she was not of previous chaste character as a defense." The written confession of appellant and a written statement of the prosecutrix introduced at trial by virtue of a written stipulation entered into by appellant, his attorney, and counsel for the State negate consent by the prosecutrix. No further testimony was offered by either side. Unchastity is no defense when there is no

1. The United States Supreme Court, in Santobello v. New York, supra, held that " . . . when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."

consent. Beshears v. State, Tex.Cr.App., 461 S.W.2d 122; Article 1183, V.A.P.C. Further, sex within the marriage does not render a female unchaste.

 Appellant contends he was denied effective assistance of counsel. The thrust of appellant's argument appears to be that his court-appointed counsel advised him to sign a waiver of his right to appeal. Appellant has not shown harm by virtue of such suggestion being made by court-appointed counsel, his appeal having been duly perfected to this Court. An indigent's right to counsel means the right to effective counsel rather than errorless counsel. Powers v. State, Tex.Cr.App., 492 S.W.2d 274; MacKenna v. Ellis, 280 F.2d 592 (5th Cir., 1960). The adequacy of an attorney's services must be gauged by the totality of the representation. Scales v. State, Tex. Cr.App., 494 S.W.2d 875; Satillan v. State, Tex.Cr.App., 470 S.W.2d 677. A review of the record before us reflects that appellant had effective representation in the trial court.

The judgment is affirmed.

Opinion approved by the Court.