Johnny Coke **PETE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47452.

Court of Criminal Appeals of Texas.

Nov. 28, 1973.

James Sparks, Jr. (on appeal only), Beaumont, for appellant.

Tom Hanna, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Appellant was convicted in 1960 of the offense of rape and was sentenced to 99 years. Notice of appeal was given on July 1, 1960, the day that sentence was pronounced, but such appeal was not perfected and did not reach this Court.

In 1971, after habeas corpus proceedings under Art. 11.07, Vernon's Ann.C.C.P., this Court in Ex Parte Johnny Coke Pete, a per curiam order, dated September 21, 1971, directed that an out-of-time appeal be afforded appellant. It was further directed that the law in force as of the date of the original trial would be controlling.

At the outset we are confronted by grounds of error numbers one, two and three, wherein appellant seeks to have us refuse to consider the belatedly approved statement of facts herein. This record was approved by the present judge of the convicting court after full hearing. To fail to consider it would be to deprive appellant of the consideration of his other grounds of error on their merits. We hold that when an appellant is granted an out-of-time appeal, we will not fail to consider a properly authenticated statement of facts because it was filed and approved late.

Appellant's fourth ground of error asserts that the court in the 1971 habeas corpus hearing erred in approving the record of his 1960 rape trial since that record does not contain a jury charge. An examination of the record affirms the fact that the charge to the jury is not among the papers of the cause. Contained in the transcript is a certification by the district clerk of Jefferson County that the charge has been lost and cannot be found.

At the conclusion of the 1971 hearing, the trial judge, in his order approving the record of the 1960 trial, stated with regard to the jury charge:

"An examination of the statement of facts of the original trial discloses (and it is hereby certified) that a complete charge was in fact timely prepared and given to the jury. It is further certified that said charge contained inter alia, a complete and proper charge on the law of rape as applied to the indictment and evidence in this case, presumption of innocence, burden of proof beyond a reasonable doubt, a charge on the confession instructing the jury not to consider the same unless they found it was voluntarily given after legal and proper warning, and all other things required by law and the evidence in this case to be included in the charge."

It is the opinion of this Court that the trial judge properly approved the record irrespective of the fact that the charge to the jury was missing. Article 44.24, V.A.C.C.P., provides that this Court:

". . . shall presume . . . that the court's charge was certified by the judge and filed by the clerk before it was read to the jury, unless such matters were made an issue in the court below, or it otherwise affirmatively appears to the contrary from the record."

In Gray v. State, 107 Tex.Cr.R. 351, 296 S.W. 294, this Court, in a similar situation, ruled that the statutory presumption was controlling and upheld a conviction despite the fact that no charge was contained in the record.[1]

We reaffirm the holding in *Gray* and hold that the trial court did not err in approving the record of this case despite the absence of a jury charge.

By his fifth ground of error, appellant insists that he was denied effective assistance of counsel in his 1960 rape trial. In support of this argument, he points to the fact that the record reflects no pre-trial action taken by trial counsel and to the fact that only seven objections were interposed by counsel during the course of the trial which lasted some three days.

While not disputing the statistics alleged above, we are unable to agree that appellant's counsel was ineffective. The record discloses that the case was, at least, a difficult one for appointed counsel. The appellant was charged with brutally raping and beating the victim and was positively identified by the prosecutrix and two other witnesses. The appellant possessed a criminal record and the State was seeking the death penalty.

In the face of this adversity, appointed counsel cross-examined each witness with considerable skill, attacking the accuracy and credibility of the eyewitnesses and generally attempting to discredit other prosecution witnesses. Further, he employed a private investigator to assist in the investigation; called witnesses to establish an alibi for appellant; and attempted to establish through appellant and other witnesses that appellant's confession was, in fact, coerced.

The law is well settled in this jurisdiction that while an indigent has the

---

1. This holding was actually based upon the presumption contained in Art. 847, 1925, C.C.P., the predecessor of the current Art. 44.24, V.A.C.C.P. The wording of these statutes in this regard is substantially identical.

right to effective counsel, the law does not require that he have "errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance." MacKenna v. Ellis, 5 Cir. 1960, 280 F.2d 592, 599. See also Powers v. State, Tex.Cr.App., 492 S.W.2d 274. The adequacy of an attorney's services must be gauged by the totality of the representation. Murphee v. State, Tex.Cr.App., 500 S.W.2d 165 (1973); Scales v. State, Tex. Cr.App., 494 S.W.2d 875; Satillan v. State, Tex.Cr.App., 470 S.W.2d 677. Considering the "totality of the representation" we are convinced that appellant's counsel effectively represented appellant in the trial of this cause. Cf. Curtis v. State, Tex.Cr. App., 500 S.W.2d 478 (1973).

Without citation of authority, appellant asserts that the court erred in admitting his confession into evidence "when as a matter of fundamental principle, the illiterate gives same, without full knowledge of its contents, to his inquisitors, with no third party, disinterested person present to verify or explain its contents."

Appellant does not make clear which confession he has reference to. The record reflects that, in fact, two confessions were given by appellant to the police and both were admitted into evidence. Nevertheless, we will consider both as did the trial judge in the 1971 habeas corpus proceeding.

Pursuant to a request of both the appellant and the State, the court conducted a post conviction, Jackson v. Denno, hearing to determine the voluntariness of appellant's confession. See Swenson v. Stidham, 409 U.S. 224, 93 S.Ct. 359, 34 L.Ed.2d 431 (1972). Subsequent to this hearing, the trial judge entered his findings of fact and conclusions of law determining the confessions to have been voluntarily given.

■ Turning our attention to appellant's specific allegations, we note from the record that appellant was, in fact, illiterate but could sign his name and that there was no person other than peace officers present at the time he signed the statement. Under the statute applicable at this time, we note that there was no requirement that a confession be witnessed by a person other than a peace officer unless the person giving the statement could not sign his name. Art. 727, V.A.C.C.P. Further, under this statute, and under the present Art. 38.22, V.A.C.C.P., there was and is no requirement that a person be literate before his confession can be admissible. The record supports the fact that the confessions were written down as appellant related his story and that they were read to him before he signed them. Under these circumstances, appellant's claims are without merit and we overrule this ground of error.

Appellant's seventh ground of error charges that "error was committed, when appellant was subjected to pre-trial identification procedures that were so highly irregular and suggestive that irreparable harm was done so as to prejudice appellant's rights to a fair identification process." While admitting that Wade v. United States, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, has no retroactive application, appellant insists that the facts of this case reveal identification procedures so irregular and suggestive as to bring this case within the rule of Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402, which held that regardless of the non-retroactive feature of *Wade* ". . . the conduct of identification procedures may be 'so unnecessarily suggestive and conducive to irreparable mistaken identification' as to be a denial of due process of law." Foster v. California, supra.

■ We observe (and appellant points out) that this ground of error was in no way raised at appellant's trial. A careful review of the record reveals no objections to any of the three positive identifications of appellant as the perpetrator of the crime

although the witnesses who identified him were aggressively cross-examined in regard to their identifications of appellant. Under these circumstances we hold that appellant has failed to preserve any error for review by this Court. Sierra v. State, 482 S.W.2d 259, Tex.Cr.App.1972. Accordingly, appellant's seventh ground of error is overruled.

We have considered appellant's eighth ground of error which charges that the court erred in allowing the district attorney to make references to alleged oral confessions made by the appellant to the prosecutor and have concluded that nothing is presented for review, no objections to such statements having been made. Randolph v. State, Tex.Cr.App., 499 S.W.2d 311; Palmer v. State, Tex.Cr.App., 475 S.W.2d 797.

Finally, appellant complains that he was denied a speedy trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution. The record reflects that the offense occurred on April 8, 1959. Appellant was arrested on the following day for questioning and then released the same day. Approximately three months later, appellant pleaded guilty to a burglary charge and was sentenced to serve six years in the Texas Department of Corrections. On February 10, 1960, appellant was bench warranted out of the Texas Department of Corrections and returned to Jefferson County for further investigation. He was indicted on March 24, 1960, for the offense for which this appeal is taken and tried on June 25, 1960.

In determining whether an accused has been deprived of his constitutional right to a speedy trial, a "balancing test" is employed. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). This "balancing test" requires consideration of these guidelines:

(1) The length of the delay;

(2) The reason for the delay;

(3) The defendant's assertion of his right; and

(4) The prejudice to the defendant.

The length of the delay is measured from the time the appellant became the accused. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); McCarty v. State, Tex.Cr.App., 498 S.W.2d 212; Haas v. State, Tex.Cr.App., 498 S.W.2d 206; George v. State, Tex.Cr.App., 498 S.W.2d 202. Here, appellant did not become the accused until sometime after February 10, 1960, and was tried approximately four months later. In Barker v. Wingo, supra, the United States Supreme Court said:

"The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance . . . ."

Appellant herein was tried approximately four months after he was bench warranted from the Texas Department of Corrections. It is our opinion that this short period of time could in no way be construed as "presumptively prejudicial." Therefore, we hold that appellant's constitutional right to a speedy trial was not abridged.

Further, although not required to do so, we note that appellant made no request for a speedier determination of his case. This fact alone would make it difficult for appellant to prove that he had been denied a speedy trial. McCarty v. State, supra; Haas v. State, supra.

Appellant's final ground of error is overruled and the judgment is affirmed.

Opinion approved by the Court.