**In re Billy Ray RISLEY, Relator.**

**No. 2–06–017–CV.**

Court of Appeals of Texas,
Fort Worth.

April 3, 2006.

---

**41.**   *See* Tex.R.App. P. 47.4.

Billy Ray Risley, Abilene, pro se.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Steven W. Conder, Assistant Criminal District Attorneys, Fort Worth, for the State.

PANEL D: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

Relator Billy Ray Risley has filed a petition for writ of mandamus asking this court to order the trial court to pronounce sentence upon relator in relator's presence in accordance with article 42.03, section 1(a) of the code of criminal procedure. TEX.CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (Vernon Supp.2005). Because we conclude that relator is entitled to the relief he requests in his petition, we conditionally grant mandamus relief.

■ Relator filed a notice of appeal in this court on September 1, 2005 from his June 7, 1990 conviction for possession of a controlled substance. That appeal, which is currently pending in this court, is docketed under a separate cause number, Number 02-05-00354-CR. On this court's own motion, we questioned whether we had jurisdiction over the appeal; relator responded that we did have jurisdiction because he had been sentenced in absentia [1] and the trial court had never pronounced sentence in relator's presence as required by article 42.03, section 1(a) of the code of criminal procedure. Id. [2] We determined that we had jurisdiction over the appeal [3] and on December 13, 2005, issued an abatement order in which we ordered the trial court to "impose sentence on [relator] in accordance with article 42.03, section 1(a) of the code of criminal procedure."

1. Relator failed to appear for trial. The judgment shows that the jury found him guilty in absentia and assessed his punishment in absentia, and the trial court's docket sheet specifically states that the trial court pronounced relator's sentence in absentia. Relator apparently fled the state and was not captured until 1994. The judgment shows that relator's sentence was imposed on June 7, 1990 but that it did not commence until August 24, 1994.

2. Section 42.03, section 1(a) requires the trial court to pronounce sentence in the defendant's presence in a felony case. Id. A felony defendant may not waive the right to be present at sentencing. See Casias v. State, 503 S.W.2d 262, 264 (Tex.Crim.App.1973). Thus, relator cannot be deemed to have waived the requirement of article 42.03, section 1(a) by voluntarily absenting himself from trial.

3. In its response to relator's petition, the State contends that "to obtain its jurisdiction, [this] Court was compelled to answer the relator's question on its merits; ... Put simply, ... the cart of substance [has been placed] before the jurisdictional horse." However, a court of appeals is required to determine its own jurisdiction. Ex parte Shumake, 953 S.W.2d 842, 844 (Tex.App.-Austin 1997, no pet.). As we have previously determined in our January 4 order in cause number 02-05-00354-CR, whether relator has been properly sentenced is determinative of this court's jurisdiction.

The State objected to the abatement order and requested that we withdraw it, on the ground that relator's conviction was final on June 7, 1990, when he was sentenced in absentia; therefore, his notice of appeal was due in July 1990. *See* Tex. R.App. P. 26.2(a)(1), 26.3. According to the State, because it is too late for relator to file a notice of appeal, his only remedy is a postconviction writ of habeas corpus. *See* Tex.Code Crim. Proc. Ann. art. 11.07 (Vernon 2005).[4]

After reviewing the issue further, we withdrew the abatement order in the direct appeal and issued an order concluding that relator's appeal had been prematurely filed and that our jurisdiction had not yet been invoked because relator had not yet been sentenced in accordance with article 42.03, section 1(a). Relator then filed a nunc pro tunc motion in the trial court asking the trial court to sentence him in accordance with article 42.03, section 1(a).[5] In response to inquiries from our clerk's office, the trial court clerk confirmed that relator's nunc pro tunc motion was presented to the trial court and that the trial court noted to file the motion but not to take any action on it.[6] The trial court still has not ruled on the motion, nor has it pronounced sentence on relator under arti-cle 42.03, section 1(a). In light of this court's previous orders in the direct appeal, the trial court's refusal to rule on the motion is a denial of the relief relator requests and is entitled to: to have the trial court pronounce his sentence in his presence.

■■■ To obtain mandamus relief in criminal law matters in the courts of appeals, a relator must establish that (1) the act he seeks to compel is ministerial, rather than discretionary in nature, or that the trial court clearly abused its discretion, and (2) no other adequate remedy at law is available. *See Lanford v. Fourteenth Court of Appeals*, 847 S.W.2d 581, 586 & n. 5 (Tex.Crim.App.1993) (orig. proceeding); *Dickens v. Second Court of Appeals*, 727 S.W.2d 542, 548–50 (Tex.Crim.App.1987) (orig. proceeding). We already addressed the merits of this issue in our abatement order and our order withdrawing the abatement order in the direct appeal; in those orders, we held that the time for filing a notice of appeal runs—not from the date a defendant was sentenced in absentia—but from the date the trial court pronounces sentence upon a defendant in the defendant's presence in accordance with article 42.03, section 1(a).[7] We hold that

---

4. In its objection and its response to this petition, the State appears to concede that relator has never been properly sentenced under article 42.03, section 1(a). The State has never asserted that relator has been so sentenced, nor has it brought forward any evidence showing that the trial court properly sentenced relator after he was captured and returned to Texas.

5. We note that the current sitting judge of criminal district court number three is not the same judge who heard relator's case and sentenced him in absentia in 1990.

6. *Compare* Tex.R.App. P. 23.1 (stating that "Unless ... the defendant has appealed, a failure to render judgment and pronounce sentence may be corrected at any time by the court's doing so"), *with Ware v. State*, 62 S.W.3d 344, 353–54 (Tex.App.-Fort Worth 2001, pet. ref'd) (concluding that trial court could enter nunc pro tunc judgment after notice of appeal filed but before appellate record filed).

7. *See Pruitt v. State*, 737 S.W.2d 622, 622–23 (Tex.App.-Fort Worth 1987, pet. ref'd); *Williams v. State*, No. 05–05–00182–CR, 2005 WL 2841259, at *2–3 (Tex.App.-Dallas Oct.31, 2005, no pet.) (not designated for publication); *Proctor v. State*, No. C14–90–00702–CR, 1991 WL 114488, at *1 (Tex.App.-Houston [14th Dist.] June 27, 1991, no pet.) (op. on reh'g) (not designated for publication); *see also Gray v. State*, 107 Tex.Crim. 351, 296 S.W. 294, 294–95 (App.1927) (exercising ju-

the trial court has abused its discretion by refusing to sentence relator in accordance with the mandates of article 42.03, section 1(a).[8] Moreover, because we have previously concluded that we do not have jurisdiction over relator's notice of appeal in cause number 02–05–00354–CR until the trial court has properly pronounced sentence, we further conclude that relator does not have an adequate remedy by appeal.[9] Accordingly, we hold that relator is entitled to mandamus relief.

We conditionally grant the writ of mandamus and order the trial court to pronounce sentence upon relator in his presence in accordance with article 42.03, section 1(a) of the code of criminal procedure. A writ of mandamus will issue only if the trial court fails to comply with these instructions.

---

**8.** risdiction over and affirming case in which trial court assessed punishment in 1915 but, because of appellant's escape, did not sentence him until 1927 when he was captured); *Small v. State*, 38 S.W. 798, 799 (Tex.Crim. App.1897) (stating that an improperly pronounced sentence is akin to no pronouncement of sentence at all); *Papakostas v. State*, 145 S.W.3d 723, 726–27 (Tex.App.-Corpus Christi 2004, no pet.) (exercising jurisdiction over and affirming case in which *trial court* assessed punishment on defendant in absentia in 1987 but did not pronounce sentence until 2002; therefore, appeal was taken after pronouncement of sentence).

**8.** We add two additional observations. First, if the State's position were correct—that relator's sentence was final on the day he was sentenced in absentia and may only be challenged by an 11.07 writ—relator's sentence would have begun to run even though relator had escaped from custody, an absurd result. *See* Tex.Code Crim. Proc. Ann. art. 42.09, § 1 ("The defendant's sentence begins to run on the day it is pronounced. . . ."); *State v. Aguilera*, 165 S.W.3d 695, 697 (Tex.Crim.App. 2005). Additionally, because relator is entitled to credit on his sentence for time served before the proper pronouncement of his sentence, *see* Tex.Code Crim. Proc. Ann. art. 42.03, § 2(a), pronouncing his sentence at this time will not affect his total time served.

**9.** The State contends that relator has an adequate remedy by seeking an out-of-time appeal under article 11.07. But article 11.07 relief is not available to relator until we have disposed of his appeal. *See Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex.Crim.App.2000).