COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-017-CV

 

 

IN RE                                                                                    RELATOR

 

BILLY
RAY RISLEY

                                                                                                        

 

                                              ------------

 

                                    ORIGINAL PROCEEDING

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Relator Billy Ray Risley has
filed a petition for writ of mandamus asking this court to order the trial
court to pronounce sentence upon relator in relator=s presence in accordance with article 42.03, section 1(a) of the code
of criminal procedure.  Tex. Code Crim. Proc. Ann. art. 42.03, ' 1(a) (Vernon Supp. 2005). 
Because we conclude that relator is entitled to the relief he requests
in his petition, we conditionally grant mandamus relief.













Relator filed a notice of
appeal in this court on September 1, 2005 from his June 7, 1990 conviction for
possession of a controlled substance.  That appeal, which is currently pending in
this court, is docketed under a separate cause number, Number 02-05-00354-CR.  On this court=s own motion, we questioned whether we had jurisdiction over the
appeal; relator responded that we did have jurisdiction because he had been
sentenced in absentia[1]
and the trial court had never pronounced sentence in relator=s presence as
required by article 42.03, section 1(a) of the code of criminal procedure.  Id.[2]  We determined that we had
jurisdiction over the appeal[3]
and on December 13, 2005, issued an abatement order in which we ordered the
trial court to Aimpose
sentence on [relator] in accordance with article 42.03, section 1(a) of the
code of criminal procedure.@

The State objected to the
abatement order and requested that we withdraw it, on the ground that relator=s conviction was final on June 7, 1990, when he was sentenced in
absentia; therefore, his notice of appeal was due in July 1990.  See Tex.
R. App. P. 26.2(a)(1), 26.3. 
According to the State, because it is too late for relator to file a
notice of appeal, his only remedy is a postconviction writ of habeas
corpus.  See Tex. Code Crim. Proc. Ann. art. 11.07
(Vernon 2005).[4]








After reviewing the issue
further, we withdrew the abatement order in the direct appeal and issued an
order concluding that relator=s appeal had been prematurely filed and that our jurisdiction had not
yet been invoked because relator had not yet been sentenced in accordance with
article 42.03, section 1(a).  Relator
then filed a nunc pro tunc motion in the trial court asking the trial court to
sentence him in accordance with article 42.03, section 1(a).[5]  In response to inquiries from our clerk=s office, the trial court clerk confirmed that relator=s nunc pro tunc motion was presented to the trial court and that the
trial court noted to file the motion but not to take any action on it.[6]  The trial court still has not ruled on the
motion, nor has it pronounced sentence on relator under article 42.03, section
1(a).  In light of this court=s previous orders in the direct appeal, the trial court=s refusal to rule on the motion is a denial of the relief relator
requests and is entitled to:  to have the
trial court pronounce his sentence in his presence.













To obtain mandamus relief in
criminal law matters in the courts of appeals, a relator must establish that
(1) the act he seeks to compel is ministerial, rather than discretionary in
nature, or that the trial court clearly abused its discretion, and (2) no other
adequate remedy at law is available.  See
Lanford v. Fourteenth Court of Appeals, 847 S.W.2d 581, 586 & n.5
(Tex. Crim. App. 1993) (orig. proceeding); Dickens v. Second Court of
Appeals, 727 S.W.2d 542, 548-50 (Tex. Crim. App. 1987) (orig. proceeding).  We already addressed the merits of this issue
in our abatement order and our order withdrawing the abatement order in the
direct appeal; in those orders, we held that the time for filing a notice of
appeal runsCnot from the
date a defendant was sentenced in absentiaCbut from the date the trial court pronounces sentence upon a defendant
in the defendant=s presence
in accordance with article 42.03, section 1(a).[7]  We hold that the trial court has abused its
discretion by refusing to sentence relator in accordance with the mandates of
article 42.03, section 1(a).[8]  Moreover, because we have previously
concluded that we do not have jurisdiction over relator=s notice of appeal in cause number 02-05-00354-CR until the trial
court has properly pronounced sentence, we further conclude that relator does
not have an adequate remedy by appeal.[9]  Accordingly, we hold that relator is entitled
to mandamus relief.

We conditionally grant the
writ of mandamus and order the trial court to pronounce sentence upon relator
in his presence in accordance with article 42.03, section 1(a) of the code of
criminal procedure.  A writ of mandamus
will issue only if the trial court fails to comply with these instructions.

 

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL D:   LIVINGSTON, DAUPHINOT,
and HOLMAN, JJ.

DELIVERED: April 3, 2006











[1]Relator failed to appear for
trial.  The judgment shows that the jury
found him guilty in absentia and assessed his punishment in absentia, and the
trial court=s docket sheet specifically states
that the trial court pronounced relator=s sentence in absentia. 
Relator apparently fled the state and was not captured until 1994.  The judgment shows that relator=s sentence was imposed on June 7,
1990 but that it did not commence until August 24, 1994.





[2]Section 42.03, section 1(a)
requires the trial court to pronounce sentence in the defendant=s presence in a felony case.  Id. 
A felony defendant may not waive the right to be present at
sentencing.  See Casias v. State,
503 S.W.2d 262, 264 (Tex. Crim. App. 1973). 
Thus, relator cannot be deemed to have waived the requirement of article
42.03, section 1(a) by voluntarily absenting himself from trial.





[3]In its response to relator=s petition, the State contends that
Ato obtain its jurisdiction, [this]
Court was compelled to answer the relator=s question on its merits; . . . Put simply, . . . the cart
of substance [has been placed] before the jurisdictional horse.@ 
However, a court of appeals is required to determine its own
jurisdiction.  Ex parte Shumake,
953 S.W.2d 842, 844 (Tex. App.CAustin 1997, no pet.). 
As we have previously determined in our January 4 order in cause number
02-05-00354-CR, whether relator has been properly sentenced is determinative of
this court=s jurisdiction.





[4]In its objection and its response
to this petition, the State appears to concede that relator has never been
properly sentenced under article 42.03, section 1(a).  The State has never asserted that relator has
been so sentenced, nor has it brought forward any evidence showing that the
trial court properly sentenced relator after he was captured and returned to
Texas.





[5]We note that the current sitting
judge of criminal district court number three is not the same judge who heard relator=s case and sentenced him in
absentia in 1990.





[6]Compare Tex. R. App. P. 23.1 (stating that AUnless
. . . the defendant has appealed, a failure to render judgment and pronounce
sentence may be corrected at any time by the court=s
doing so@), with
Ware v. State, 62 S.W.3d 344, 353-54 (Tex. App.CFort
Worth 2001, pet. ref=d)
(concluding that trial court could enter nunc pro tunc judgment after notice of
appeal filed but before appellate record filed).  





[7]See Pruitt v. State, 737 S.W.2d 622, 622-23 (Tex. App.CFort Worth 1987, pet. ref=d); Williams v. State, No.
05-05-00182-CR, 2005 WL 2841259, at *2-3 (Tex. App.CDallas
Oct. 31, 2005, no pet.) (not designated for publication); Proctor v. State,
No. C14-90-00702-CR, 1991 WL 114488, at *1 (Tex. App.CHouston
[14th Dist.] June 27, 1991, no pet.) (op. on reh=g)
(not designated for publication); see also Gray v. State, 296 S.W. 294,
294-95 (Tex. Crim. App. 1927) (exercising jurisdiction over and
affirming case in which trial court assessed punishment in 1915 but, because of
appellant=s
escape, did not sentence him until 1927 when he was captured); Small v.
State, 38 S.W. 798, 799 (Tex. Crim. App. 1897) (stating that an improperly
pronounced sentence is akin to no pronouncement of sentence at all); Papakostas
v. State, 145 S.W.3d 723, 726-27 (Tex. App.CCorpus
Christi 2004, no pet.) (exercising jurisdiction over and affirming case in
which trial court assessed punishment on defendant in absentia in
1987 but did not pronounce sentence until 2002; therefore, appeal was taken
after pronouncement of sentence).





[8]We add two additional
observations.  First, if the State=s position were correctCthat relator=s sentence was final on the day he
was sentenced in absentia and may only be challenged by an 11.07 writCrelator=s sentence would have begun to run
even though relator had escaped from custody, an absurd result.  See Tex.
Code Crim. Proc. Ann. art. 42.09, ' 1 (AThe defendant=s sentence begins to run on the day
it is pronounced . . . .@); State v. Aguilera, 165 S.W.3d 695, 697 (Tex.
Crim. App. 2005).  Additionally, because
relator is entitled to credit on his sentence for time served before the proper
pronouncement of his sentence, see Tex.
Code Crim. Proc. Ann. art. 42.03, ' 2(a), pronouncing his sentence at this time will not
affect his total time served.





[9]The State contends that relator has
an adequate remedy by seeking an out-of-time appeal under article 11.07.  But article 11.07 relief is not available to
relator until we have disposed of his appeal. 
See Ex parte Johnson, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000).