

## NUMBER 13-08-00282-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### EX PARTE:  LAURA SKINNER

**On appeal from the 105th District Court of Nueces County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion by Justice Benavides**

Appellant, Laura Skinner, appeals from the trial court's order denying her pre-trial petition for a writ of habeas corpus.  By a single issue, Skinner argues that the trial court erred by refusing to dismiss the prosecution on speedy trial grounds.  We affirm.

### I. BACKGROUND

The facts are undisputed.  Skinner was arrested on December 14, 2007.  After her arrest, Skinner was released on $500 surety bond for the offense of gambling promotion and a $1500 surety bond for the offense of engaging in organized criminal activity.  *See* TEX. PENAL CODE ANN. § 47.03 (Vernon 2003) (making gambling promotion a Class A

misdemeanor); *id.* § 71.02 (Vernon Supp. 2008) (making engaging in organized criminal activity based on gambling promotion a state jail felony).

On January 2, 2008, the trial court imposed several bond conditions. Specifically, among other things, Skinner was required to: (1) report weekly to a bond supervision officer; (2) remain in the county of her residence unless given permission to leave by a magistrate, judge, or pre-trial services officer; (3) permit a pre-trial services officer to visit her at work, home, or elsewhere and provide the officer with contact information; (4) report any new arrest to a pre-trial officer within twenty-four hours; (5) maintain a daily home curfew from 9:00 p.m. to 6:00 a.m.; (6) refrain from consuming alcohol or controlled substances; (7) avoid places where alcohol is possessed, sold, or given; (8) complete a substance abuse evaluation; (9) submit to weekly substance abuse testing at her own expense; (10) submit to substance abuse counseling; (11) refrain from possessing a firearm; and (12) pay a $10 supervision fee every week.

Three months after Skinner's arrest, on March 18, 2008, she filed a pre-trial petition for habeas corpus, arguing that the trial court should dismiss the prosecution on speedy trial grounds because the State had not yet brought formal charges against her. The State did not file a response to the motion. On April 30, 2008, the trial court held a hearing on the petition. Skinner was the only witness to testify. As of the date of the hearing, the State had not yet presented an information or an indictment against Skinner. The State did not present any evidence or argument. At the conclusion of the hearing on April 30, 2008, the trial court denied the petition and ordered Skinner to continue on bond supervision. Skinner then filed a notice of appeal.

## II. STATE'S ARGUMENTS

By a single issue, Skinner argues that the trial court erroneously denied her petition for habeas corpus relief. In its brief, the State does not address Skinner's speedy trial argument; rather, the State argues that (1) because Skinner failed to comply with the oath requirement in Code of Criminal Procedure article 11.14, there is nothing for this Court to consider; and (2) Skinner cannot raise a speedy trial complaint by way of a pretrial habeas corpus proceeding. We will address the State's arguments first, as they affect our ability to review the merits of Skinner's argument.

### A. Oath Requirement

The State argues that Skinner's petition for a writ of habeas corpus was not made under oath. *See* TEX. CODE CRIM. PROC. ANN. art. 11.14(5) (Vernon 2005). A petition for writ of habeas corpus must be made under oath and must state that "the allegations of the petition are true, according to the belief of the petitioner." *Id.* The State cites *Ex parte Gray*, 564 S.W.2d 713, 714 (Tex. Crim. App. 1978), and *Jordan v. State*, 54 S.W.3d 783, 787 (Tex. Crim. App. 2001). Neither of these cases are directly on point. Rather, in *Ex parte Golden*, the Texas Court of Criminal Appeals directly addressed the oath requirement and its effect on review of a petition for writ of habeas corpus, and it controls our disposition of this issue. 991 S.W.2d 859, 860-62 (Tex. Crim. App. 1999).

In *Golden*, an inmate filed a petition for a writ of habeas corpus, but he did not include a proper oath or its equivalent. *Id.* at 860. The Court of Criminal Appeals determined that the oath was not a jurisdictional requirement, the failure of which absolutely precluded review of the merits. *Id.* at 861-62. The court then decided it would address the merits of the petition because (1) the State did not move to dismiss applicant's

3

application on the ground it is unsworn; (2) the State conceded that the applicant was entitled to relief; (3) the trial court made relevant fact-findings; and (4) there was adequate proof in the record to support applicant's claim. *Id.* at 862 & n.2.

We have nearly the same situation here. First, the State did not move to dismiss Skinner's petition on the ground that it was not sworn. We believe this is a defect that could have been corrected had it been pointed out. Second, the State does not argue that Skinner is not entitled to relief. Third, although the trial court did not make any findings of fact, the facts are undisputed. Finally, we find adequate proof in the record to allow our consideration of the merits of the petition—the petition is based on the fact that Skinner has been subjected to bond conditions for a lengthy period of time and that the State has yet to bring formal charges against her. The record adequately shows these facts. Accordingly, under the circumstances of this case, as in *Golden*, we will exercise our discretion to review the merits. *Id.*; *see also Ex parte Owens*, 206 S.W.3d 670, 675-56 & n.38 (Tex. Crim. App. 2006).

## B.    Availability of Pretrial Habeas Corpus for Speedy Trial Claims

Next, the State argues that a pretrial writ of habeas corpus is not available to seek dismissal of a proceeding on speedy trial grounds because Skinner has an adequate remedy at law. The State is correct that typically, a speedy trial argument is not cognizable in a pretrial petition for habeas corpus because an adequate remedy at law exists. *See Ex parte Weise,* 55 S.W.3d 617, 620 (Tex. Crim. App. 2001) (citing *Ex parte Delbert*, 582 S.W.2d 145, 146 (Tex. Crim. App. 1979); *Ex parte Jones*, 449 S.W.2d 59, 60 (Tex. Crim. App. 1970)); *Ex parte Lamar*, 184 S.W.3d 322, 323-24 (Tex. App.–Fort Worth 2005, pet. ref'd) (op. on reh'g). In *Lamar*, the Fort Worth Court of Appeals explained that a defendant

4

has an adequate remedy at law because he could file a motion to dismiss the indictment against him on speedy trial grounds, and that ruling would be appealable after conviction. 184 S.W.3d at 324.

In contrast to the above authority, litigants have routinely used a pretrial writ of habeas corpus to obtain relief when the accused has been arrested but the State has failed to bring formal charges in a timely fashion. *See, e.g., Ex parte Martin*, 6 S.W.3d 524, 525 (Tex. Crim. App. 1999); *State v. Fisher*, 198 S.W.3d 332, 335 (Tex. App.–Texarkana 2006, pet. ref'd) ("The traditional method for presenting a speedy trial claim before an indictment is returned is through the filing of a pretrial application for writ of habeas corpus."). In these circumstances, an indictment has not been presented; thus, the accused does not have the ability to file a motion to dismiss the indictment, and there is no adequate remedy at law. *See Fisher*, 198 S.W.3d at 336. Accordingly, we hold that an accused may raise a speedy trial claim based on delay between an arrest and indictment in a pretrial petition for a writ of habeas corpus, and we will review the merits of Skinner's arguments.

### III. PRE-INDICTMENT DELAY

### A.    Standard of Review

When reviewing a trial court's ruling on a speedy trial claim, we apply a bifurcated standard of review, reviewing the factual components for abuse of discretion and the legal components de novo. *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002). "Because appellant lost in the trial court on his speedy trial claim, we must presume the trial court resolved any disputed fact issues in the State's favor, and we must also defer to the implied findings of fact that the record supports." *Id.* Here, where the facts are undisputed, "the primary issue in this case involves the legal significance of these facts to

5

appellant's claim." *Id.*

**B.     Analysis**

The Sixth Amendment guarantees the right to "a speedy and public trial."  U.S. CONST. amend. VI.  When evaluating a speedy trial claim, we consider the factors set out by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530-33 (1972); *Zamorano*, 84 S.W.3d at 648; *Harris v. State*, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992).  These factors include:  (1) "whether delay before trial was uncommonly long"; (2) "whether the government or the criminal defendant is more to blame for that delay"; (3) "whether, in due course, the defendant asserted his right to a speedy trial"; and (4) "whether he suffered prejudice as the delay's result."  *Zamorano*, 84 S.W.3d at 648 (quoting *Barker*, 407 U.S. at 530).

The right to a speedy trial is triggered by an arrest or an indictment, whichever comes first.  *Nelson v. Hargett*, 989 F.2d 847, 851 (5th Cir. 1993); *see United States v. McDonald*, 456 U.S. 1, 7 (1982) (holding that period between arrest and indictment must be considered when evaluating speedy trial claim); *Harris*, 827 S.W.2d at 956.  "The length of the delay is to some extent a triggering mechanism, so that a speedy trial claim will not be heard until passage of a period of time that is, prima facie, unreasonable under the existing circumstances."  *Harris*, 827 S.W.2d at 956 (citing *Barker*, 407 U.S. at 530).  If the delay is not "presumptively prejudicial," we need not examine the other three *Barker* factors.  *Zamorano*, 84 S.W.3d at 648.

The length of delay that will provoke a speedy trial inquiry depends on the circumstances of the case.  *Id.* at 649.  For example, "'the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy

6

charge.'" *Id*. (quoting *Barker*, 407 U.S. at 531). The Texas Court of Criminal Appeals has held that a delay of four months is not presumptively prejudicial, but a delay of seventeen months is. *See Cantu v. State*, 253 S.W.3d 273, 281 (Tex. Crim. App. 2008); *Pete v. State*, 501 S.W.2d 683, 687 (Tex. Crim. App. 1973). Additionally, Texas courts of appeals have held that a delay of eight months is "presumptively prejudicial" and triggers a speedy trial analysis. *See, e.g., State v. Rangel*, 980 S.W.2d 840, 843 (Tex. App.–San Antonio 1998, no pet.).

In this case, Skinner was arrested on December 14, 2007. She was immediately released on bond. On January 2, 2008, Skinner was ordered to appear, and the trial court imposed bond conditions. On March 17, 2008, a mere three months after her arrest, Skinner moved to dismiss and alleged a speedy trial violation. The trial court held a hearing and denied the motion on April 30, 2008, just a little over four months after the arrest. Under the circumstances, the four-month delay in this case was insufficient to invoke the *Barker* analysis, as it was not presumptively prejudicial. *See Cantu*, 253 S.W.3d at 281; *Pete*, 501 S.W.2d at 687. Accordingly, we need not consider the remaining *Barker* factors, and the trial court did not err by denying the pretrial writ of habeas corpus.[1]

---

[1] Texas Code of Criminal Procedure article 32.01 provides another means to obtain dismissal due to delay in obtaining an indictment, although Skinner did not argue this provision below. *See* TEX. CODE CRIM. PROC. ANN. art. 32.01 (Vernon 2006). Article 32.01 provides

> When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant on or before the last day of the next term of the court which is held after his commitment or admission to bail or on or before the 180th day after the date of commitment or admission to bail, whichever date is later.

*Id.* By statute, the terms of the 105th district court in Nueces County begin the first Mondays of February and August. TEX. GOV'T CODE ANN. § 24.207 (Vernon Supp. 2008). Skinner was arrested on December 14, 2007, which was in the August term. *Id.* Under this provision, the State had until the end of the February term to indict Skinner, which would have been August 1, 2008. Skinner's motion was, therefore, premature by any standard.

7

## IV. Conclusion

Having overruled Skinner's issue, we affirm.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 13th day of August, 2009.