

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-21-00489-CR

The **STATE** of Texas,
Appellant

v.

Ruben **ELIZONDO**,
Appellee

From the County Court at Law No. 15, Bexar County, Texas
Trial Court No. 657461
Honorable Melissa Vara, Judge Presiding

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Luz Elena D. Chapa, Justice (concurring in the judgment without opinion)
                Lori I. Valenzuela, Justice

Delivered and Filed: August 3, 2022

REVERSED AND REMANDED

The State appeals from the trial court's order granting Ruben Elizondo's motion to dismiss for violation of his right to a speedy trial.  We reverse and remand.

### BACKGROUND

On March 18, 2021, Elizondo was arrested for a second offense of driving while intoxicated, a Class A misdemeanor.  *See* TEX. PENAL CODE ANN. §§ 49.04(a); 49.09(a).  Five days later, Elizondo filed a formal request for discovery, in which he asserted his right to a speedy trial. On October 15, 2021, Elizondo filed a motion to dismiss for want of a speedy trial, and three days

later, the trial court held a hearing on the matter. The next day, the trial court granted the motion and dismissed the case with prejudice. The State timely appealed. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1).

### APPLICABLE LAW AND STANDARD OF REVIEW

The Sixth Amendment to the United States Constitution guarantees a defendant a right to a speedy trial. U.S. CONST. amend. VI; *see State v. Lopez*, 631 S.W.3d 107, 113 (Tex. Crim. App. 2021).[1] The right to a speedy trial attaches once a person becomes an "accused"—that is, once the person has been arrested or charged. *Cantu*, 253 S.W.3d at 281. Courts analyze speedy-trial claims "on an ad hoc basis" considering relevant circumstances and the four factors announced in *Barker v. Wingo*, 407 U.S. 514, 532 (1972): (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant because of the length of delay. "If the defendant can make a threshold showing that the interval between accusation and trial is 'presumptively prejudicial,' then a court must consider each of the remaining *Barker* factors and weigh them." *Balderas v. State*, 517 S.W.3d 756, 767 (Tex. Crim. App. 2016).

We review a trial court's ruling on a defendant's Sixth Amendment speedy-trial claim under a bifurcated standard. *Cantu*, 253 S.W.3d at 282. We review the factual components of the analysis for an abuse of discretion, deferring to the trial court's resolution of disputed facts and the reasonable inferences drawn from those facts. *Id.*; *Balderas*, 517 S.W.3d at 767–68. We review the legal components of the analysis *de novo*. *Cantu*, 253 S.W.3d at 282. "Review of the individual *Barker* factors necessarily involves fact determinations and legal conclusions, but the balancing test as a whole is a purely legal question that we review *de novo*." *Balderas*, 517 S.W.3d at 768.

---

[1] The Texas Constitution provides the same speedy-trial guarantee, analyzed under the same framework, as the Sixth Amendment. *See Lopez*, 631 S.W.3d at 113; *Cantu v. State*, 253 S.W.3d 273, 281 (Tex. Crim. App. 2008).

**DISCUSSION**

Seven months and one day elapsed from the time Elizondo was arrested until his DWI case was dismissed. We hold this seven-month interval was not "presumptively prejudicial," so as to trigger further analysis of the *Barker* factors. *See Barker*, 407 U.S. at 530 ("Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.").

The right to a speedy trial "is not subject to quantification in days or months." *State v. Moreno*, No. 01-19-00861-CR, 2022 WL 451684, at *3 (Tex. App.—Houston [1st Dist.] Feb. 15, 2022, no pet.). Nevertheless, "[g]enerally, a delay of eight months to a year, or longer, is presumptively prejudicial and triggers a speedy trial analysis." *Lopez*, 631 S.W.3d at 114 (citations omitted). The length of delay that provokes an inquiry into the other factors "is necessarily dependent upon the peculiar circumstances of the case." *Barker*, 407 U.S. at 530–31. "The delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Id.* at 531.

For a "plain-vanilla DWI case," the Court of Criminal Appeals held that a delay of two years and ten months was sufficiently lengthy to trigger analysis of the other *Barker* factors. *Zamorano v. State*, 84 S.W.3d 643, 649 (Tex. Crim. App. 2002); *see also id.* at 655–56 (Keller, P.J., dissenting) ("Although sufficient to trigger a *Barker* analysis, this time period [of fourteen months from the denial of the defendant's speedy-trial motion until trial] is hardly the overwhelming amount of time that courts have found to weigh heavily against the government, as eight months to a year has generally been considered the minimum to trigger a speedy trial analysis in the first place."). Recently, the Court of Criminal Appeals held an "almost four month" delay in a case in which the State charged a defendant first with a felony and then refiled the charge as a Class A misdemeanor was not presumptively prejudicial. *Lopez*, 631 S.W.3d at 115; *see also*

*Pete v. State*, 501 S.W.2d 683, 687 (Tex. Crim. App. 1973) (concluding no presumption of prejudice where defendant was tried four months after being charged with sexual assault).

"While some courts still follow the eight-month mark or even something shorter, most have settled on a somewhat longer period, such as nine months or, more commonly, a time 'approaching,' at, or slightly (or even more than slightly) beyond one year." 5 Wayne R. LaFave, *et al.*, Criminal Procedure, § 18.2(b), p. 130 (4th ed. 2015) (footnotes omitted).[2] The Fifth Court of Appeals recently held an eight-month delay in a DWI case was "just at or just past the minimum needed to trigger a *Barker* analysis." *State v. Page*, No. 05-18-01391-CR, 2020 WL 1899453, at *6 (Tex. App.—Dallas Apr. 17, 2020, no pet.) (mem. op., not designated for publication). We recently held, in an appeal from a conviction for misdemeanor possession of a controlled substance, that a period of slightly more than eight months was "the bare minimum for a delay to be considered presumptively prejudicial." *Daniels v. State*, No. 04-18-00474-CR, 2019 WL 1139553, at *3 (Tex. App.—San Antonio Mar. 13, 2019, no pet.) (mem. op., not designated for publication) (citing *Rountree v. State*, No. 01-90-00382-CR, 1991 WL 84056, at *3 (Tex. App.— Houston [1st Dist.] May 23, 1991, no pet.) (not designated for publication)). A First Court of Appeals case that we relied on in *Daniels* held a seven-month delay from a DWI arrest until trial was insufficient to trigger a full *Barker* analysis. *See Rountree*, 1991 WL 84056, at *3 ("A delay of seven months has never been held to be a constitutional violation.").

Elizondo has not directed us to a case in which a seven-month delay was held to be presumptively prejudicial for a DWI (or any other) prosecution. Elizondo has the burden to "make a threshold showing that the interval between accusation and trial has crossed the threshold

---

[2] The Court of Criminal Appeals cited an earlier edition of this treatise when noting that courts generally hold that an eight-month or longer delay is "presumptively unreasonable." *See Harris v. State*, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992) (citing 2 LaFave & Israel, *Criminal Procedure* § 18.2(b) (1984)); *see also Lopez*, 631 S.W.3d at 114.

dividing ordinary from 'presumptively prejudicial' delay." *Gonzales v. State*, 435 S.W.3d 801, 808 (Tex. Crim. App. 2014) (citation omitted). In an attempt to satisfy this burden, he asserts that we must "consider the State's role in perpetuating the delay" and "the limited availability of trial dates caused by the [COVID-19] pandemic." The State's role goes to the second *Barker* factor concerning the reason for the delay, which we do not reach until Elizondo has made his threshold showing. *See id.* Likewise, lack of available trial dates due to the pandemic implicates the reason for the delay.

However, the unique circumstance of the COVID-19 pandemic and its effect on trial availability could also impact the delay required to trigger the *Barker* factors. *See Barker*, 407 U.S. at 530–31 ("[B]ecause of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case."). Elizondo suggests that pandemic-related courthouse closures threaten to turn any delay into a lengthy delay because there is a risk that the courthouse will not be open later for jury trials. Elizondo's concern is supported by the recent past, in which we have experienced intermittent cessations of jury trials when local COVID-19 infection rates have increased.

Nevertheless, Elizondo's concern does not cut in his favor. Delay that is "presumptively prejudicial" falls beyond the threshold of "ordinary" delay. *Doggett v. United States*, 505 U.S. 647, 652 (1992); *see also Gonzales*, 435 S.W.3d at 808 ("[I]f the State prosecuted the accused with "customary promptness," the accused has failed to meet the threshold burden[.]"). Over recent years, the courts have made allowance for delays and disruptions to our lives. Previously extraordinary delays have become more ordinary. The State represented to the trial court at the hearing on Elizondo's motion that in the time since Elizondo was arrested, Bexar County had one month of jury trials. The State's counsel explained that with jury trials resuming, the State was

attempting to set older cases for trial before newer ones.[3]  Certainly, the right to a speedy trial "remains alive and cannot be suspended." *Ex parte Sheffield*, 611 S.W.3d 630, 635 (Tex. App.— Amarillo 2020, pet. granted); *see also Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 68 (2020) ("[E]ven in a pandemic, the Constitution cannot be put away and forgotten."). However, courts that have considered the impact of the pandemic on speedy-trial rights have nearly all countenanced additional delays resulting from the pandemic.  *See e.g.*, *Ali v. Commonwealth*, 872 S.E.2d 662, 675–76 & n.14 (Va. App. 2022) (collecting cases); *State ex rel. Porter v. Farrell*, 245 W. Va. 272, 283 n.15 (2021) (collecting cases); *see also State v. Correa*, No. KNL-CR180135304-T, 2022 WL 2132913, at *2 (Conn. Super. Ct. June 14, 2022) ("[A]n overwhelming majority of courts have concluded good cause existed to excuse delays resulting from the COVID-19 pandemic.").  Here, we do not countenance additional delays; we simply hold that the COVID-19 pandemic and potential court closures do not shorten the length of time beyond which delay is considered "presumptively prejudicial" for Elizondo.

## CONCLUSION

Because Elizondo has not made the threshold showing that the seven-month-and-one-day delay from his arrest until dismissal was "presumptively prejudicial," the trial court erred by dismissing the DWI charge against him.  *See Gonzales*, 435 S.W.3d at 808; *Pete*, 501 S.W.2d at 687.  The trial court's judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH

---

[3] Despite a backlog in untried cases, the trial court attempted to set Elizondo's case for an expedited trial setting on November 29, 2021; however, when it tried to set this trial date, the court had already lost jurisdiction.  *See Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex. Crim. App. [Panel Op.] 1980) (explaining after a trial court sustains a motion to dismiss, there is no case pending and no jurisdiction remaining in the dismissing court).