Hill v. State

(comment: 1)

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-100-CR

EX PARTE VANESSA KAYE LAMAR

------------

FROM THE COUNTY COURT OF JACK COUNTY

------------

OPINION ON REHEARING

------------

On our own motion, we withdraw our memorandum opinion and judgment of November 3, 2005 and substitute the following. 

Appellant Vanessa Kaye LaMar filed a pretrial application for writ of habeas corpus alleging a violation of her right to a speedy trial, and the trial court denied relief.  In two issues, appellant asserts that the trial court erred by denying relief because the court’s failure to provide her a speedy trial violated the Sixth Amendment and article I, section 10 of the Texas Constitution.  We affirm.

In November 2003, appellant pleaded no contest to a class B misdemeanor possession of marijuana charge and received one year of deferred adjudication community supervision.  In January 2004, appellant was arrested on a second charge of marijuana possession, and the State filed a motion to proceed to adjudication on the first offense on February 2, 2004.

On February 22, 2005, appellant filed an application for writ of habeas corpus, complaining that her constitutional right to a speedy trial had been violated.   The same day, the trial court stated it would set the case for trial and
 denied  habeas  corpus  relief  after  taking  notice  of  appellant’s  evidence.
(footnote: 1) Appellant then announced that she was going to appeal the trial court’s denial of relief and asked the court not to set the case for trial until the appeal had been decided.  Appellant now argues, however, that the trial court erred when it denied her relief because she has not been afforded her constitutional right to a speedy trial.

The court of criminal appeals has held that a defendant may use a pretrial writ of habeas corpus in very limited circumstances.
(footnote: 2)  The court has further held that these circumstances do not include an attempt to seek dismissal of a proceeding on speedy trial grounds because the defendant has an adequate remedy at law and, therefore, has no need for the drastic remedy of habeas corpus.
(footnote: 3)  Instead, a defendant should file a motion to set aside the indictment in the trial court pursuant to article 27.03 of the Texas Code of Criminal Procedure, and, if the trial court erroneously denies the motion, the defendant may appeal from any conviction that resulted from the continued prosecution.
(footnote: 4)
 The dissenting and concurring opinion contends that it “makes no sense” to require the State and appellant to endure the time and expense of a trial and appeal when appellant’s speedy trial complaint can be settled in a pretrial habeas proceeding.
(footnote: 5)  In addressing this concern, however, the United States Supreme Court has observed:

There perhaps is some superficial attraction in the argument that the right to a speedy trial . . . must be vindicated before trial in order to insure that no nonspeedy trial is ever held.  Both doctrinally and pragmatically, however, this argument fails.  Unlike the protection afforded by the Double Jeopardy Clause, the Speedy Trial Clause does not, either on its face or according to the decisions of this Court, encompass a “right not to be tried” which must be upheld prior to trial if it is to be enjoyed at all.  It is the delay before trial, not the trial itself, that offends the constitutional guarantee of a speedy trial.  If . . . an accused [is deprived] of his right to a speedy trial, that loss, by definition, occurs before trial. Proceeding with the trial does not cause or compound the deprivation already suffered.
(footnote: 6)  

We hold that appellant has an adequate remedy at law; therefore, she is not entitled to habeas relief.  We therefore overrule appellant’s issues and affirm the trial court’s judgment. 

JOHN CAYCE

CHIEF JUSTICE

PANEL B: CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DAUPHINOT, J. filed a dissenting and concurring opinion. 

WALKER, J. concurs without opinion.

PUBLISH

DELIVERED:
  December 22, 2005

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-100-CR

EX PARTE VANESSA KAYE LAMAR

------------

FROM THE COUNTY COURT OF JACK COUNTY

------------

CONCURRING AND DISSENTING OPINION ON REHEARING
 

------------

Although I agree that the trial court’s order denying habeas relief should be affirmed, I respectfully dissent from the majority’s holding that a pretrial application for writ of habeas corpus will not lie to raise the issue of the denial of a speedy trial as guaranteed by the Constitution of the United States.  As the majority concedes in a footnote, “a defendant in a criminal case may use a pretrial writ of habeas corpus: (1) to challenge the State’s power to restrain him . . .; and (3) to raise certain issues, which, if meritorious, would bar prosecution or conviction.”
(footnote: 1)  I would follow the guidance of the Texas Court of Criminal Appeals and hold that when a “pleading is not reparable, a defendant may seek relief from a time-barred prosecution by a pretrial petition for a writ of habeas corpus.”
(footnote: 2)  When the State has delayed prosecution beyond the time consistent with the due process guarantees of the Constitution of the United States, the pleading that charges the defendant with the offense is not reparable; if a violation of the speedy trial right is established, the only proper remedy is the dismissal of the prosecution with prejudice.
(footnote: 3)  That is, a meritorious writ based on a speedy trial violation successfully challenges the State’s power to restrain the defendant and completely bars prosecution and conviction.  

The majority relies on a 1978 opinion of the Supreme Court of the United States and also cites a case dealing with a pretrial writ seeking to declare a criminal statute unconstitutional.  I, however, believe that we should look to more recent law dealing with the issue actually before this court in determining whether habeas relief will lie.  The Texas Court of Criminal Appeals has addressed the issue of habeas relief and the appropriate appellate standard when there is no timely indictment and when the denial of a speedy trial is raised.  The 
Martin
 court stated, 

In 
Barker v. Wingo
, the Supreme Court set out a balancing test with four factors to determine when pretrial delay denies an accused of his right to a speedy trial:  (1) length of the delay, (2) reason for the delay, (3) prejudice to the accused, and (4) the accused's assertion of the right.  Today we adopt a 
Barker
-like, totality-of-circumstances test for the determination of good cause under article 32.01.  The habeas court should consider, among other things, the length of the delay, the State's reason for delay, whether the delay was due to lack of diligence on the part of the State, and whether the delay caused harm to the accused. 

. . . .

Although the factors that we adopt today and the factors adopted by the Supreme  Court in  
Barker
 are similar, we adopt this  
Barker
-like test because of the similarities in the problem presented:  How do courts determine when the right to be discharged in the absence of an indictment or the right to a speedy trial has been violated?  The protections are different, but the problem presented is the same; a fact-intensive situation calls for a balancing of the interests served by the rule and the interests of the parties.
(footnote: 4)

Indeed, when the speedy trial complaint was couched in terms of failure to indict, although technically different from a pure speedy trial claim, the Texas Court of Criminal Appeals held that Appellant had waived his claim for failure to seek habeas relief:

In his seventh point of error, appellant contends that the trial court erred in denying his writ of habeas corpus and not dismissing the indictment with prejudice for failure to comply with Texas Code of Criminal Procedure former Articles 28.061 and 32.01. The Grand Jury indicted appellant for capital murder on January 24, 1996.  Appellant filed his application for writ of habeas corpus on March 21, 1997.  On that same day, the State filed an affidavit of "good cause" pursuant to Article 32.01 of the Texas Code of Criminal Procedure setting forth the grounds upon which the State justified the alleged delay.  There was no hearing on the writ.  The trial court denied appellant relief.

We have held that Article 32.01 has no application once an indictment is returned.  In this case, appellant waived his right to challenge the indictment since he filed his writ of habeas corpus almost a year and a half after the indictment was returned by the grand jury.
(footnote: 5) 

To require both the State and the defendant to marshal their evidence, call witnesses, pay lawyers and possibly experts to try the case in its entirety, and then endure the time and expense of appeal makes no sense when the issue can be settled in a pretrial habeas proceeding.  

Because this case falls squarely within the parameters set out in 
Ex parte Smith
,
(footnote: 6) 
I would hold that Appellant properly raised her speedy trial claim in her application for pretrial writ of habeas corpus.  I would then affirm the trial court’s order denying habeas relief because Appellant did not demand her day in court below but, rather, requested only dismissal. 

LEE ANN DAUPHINOT

JUSTICE

PUBLISH

DELIVERED:  December 22, 2005

FOOTNOTES
1:
See Ex parte Hargett
, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991).

2:
See 
e.g., Ex parte Smith
, No. PD-0616-04, 2005 WL 2660072, at *2 (Tex. Crim. App. Oct. 19, 2005) (noting the limited circumstances in which a defendant may use a pretrial writ of habeas corpus: (1) to challenge the State’s power to restrain him; (2) to challenge the denial or conditions of bail; and (3) to raise certain issues, which, if meritorious, would bar prosecution or conviction);
 
Smith v. Gohmert
, 962 S.W.2d 590, 593 n.7 (Tex. Crim. App. 1998) (orig. proceeding)
 (holding that when relator sought  writ of mandamus to compel trial court to either set his case for trial or dismiss the indictment pending against him, relator had no adequate remedy at law and was entitled to have his case set for trial (citing 
Chapman v. Evans
, 744 S.W.2d 133, 135 (Tex. Crim. App. 1988))).  

3:
See 
Smith
, 962 S.W.2d at 593 
(holding that when appellant claimed his state and federal rights were violated, he had an adequate remedy at law and was not entitled to habeas corpus relief); 
see also 
Ex parte Weise
, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001) (noting that the court of criminal appeals has held “that an applicant may not use a pretrial writ to assert his or her constitutional rights to a speedy trial”); 
Ex parte Williams
, No. 04-05-00386-CV, 2005 WL 1458687, at *1 (Tex. App.—San Antonio June 22, 2005, no pet.) (mem. op.) (not designated for publication); 
In re Evans
, No. 04-05-00563-CV, 2005 WL 2012772, at *1 (Tex. App.—San Antonio Aug. 24, 2005, no pet.) (mem. op.) (not designated for publication) (both holding that defendant may not use pretrial habeas corpus to obtain dismissal of criminal charges on speedy trial grounds)
.  

4:
Smith
, 962 S.W.2d at 592 (citing 
Pope v. Ferguson
, 445 S.W.2d 950, 955-56 (Tex. 1969)).  
Of course, a defendant who successfully establishes a speedy trial claim in a motion to dismiss will not be tried.  
United States v. MacDonald
, 435 U.S. 850, 861 n.8, 98 S. Ct. 1547, 1553 n.8 (1978). 

5:
Dissenting and concurring op. at 4. 

6:
MacDonald
, 435 U.S. at 860-61, 98 S. Ct. at 1552-53 (1978); 
accord 
Smith
, 962 S.W.2d at 593
. 

1:
Majority op. at 3 n.2.

2:
Ex parte Smith
, No. PD-0616-04, 2005 WL 2660072, at *1 (Tex. Crim. App. Oct. 19, 2005).

3:
Strunk v. United States
, 412 U.S. 434, 440, 93 S. Ct. 2260, 2263 (1973);
 
Shaw v. State
, 117 S.W.3d 883, 888 (Tex. Crim. App. 2003).

4:
Ex parte Martin
, 6 S.W.3d 524, 528-29 (Tex. Crim. App. 1999) (citations omitted).

5:
Brooks v. State
, 990 S.W.2d 278, 285 (Tex. Crim. App.), 
cert. denied
, 528 U.S. 956 (1999) (citations omitted).

6:
Smith
, 2005 WL 2660072, at *2. 

COMMENTS AND ANNOTATIONS
Comment 1:
Majority by Chief Justice Cayce; Concurrence and Dissent by Justice Dauphinot.  Opinion on rehearing on the court’s on motion.