COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO. 2-07-047-CR

 

 

EX PARTE
BRETT TODD REDD                                               APPELLANT

 

                                                   V.

 

THE STATE
OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

In one point, Appellant Brett Todd Redd appeals
from the trial court=s denial of  postconviction habeas relief under article
11.09 of the Texas Code of Criminal Procedure.[2]  Because we hold that the trial court did not
abuse its discretion by denying relief, we affirm the trial court=s order.








The State argues that Appellant=s appeal
does not lie because the trial court denied the writ, not relief.  The record shows that Appellant filed an
application for writ of habeas corpus on February 2, 2007, the same date as a
previously scheduled Amandate hearing@ for
sentencing on his DWI conviction.  At the
hearing, Appellant presented his application. 
Contrary to the State=s
assertions in its brief, the trial court did consider evidenceCAppellant=s
affidavit, signed and sworn in open courtCbefore
issuing its ruling.  The trial court also
reviewed Appellant=s pleadings, recalled the trial
court=s
actions in the underlying case, and heard argument from both sides.  After stating, AAll
right.  I=ve heard
argument from both the State and Defense regarding this writ of habeas corpus
and I=m going
to go ahead and deny it,@ the trial court postponed
sentencing and left Appellant out on the appeal bond that was already in place.








It is
true that no writ appears in the record, and the trial court=s order
states that the petition for writ of habeas corpus is denied, not that relief
is denied.  However, the order also
states that Appellant Ahas appeared in open court.  He has presented testimony and evidence.@  Additionally, the trial court repeated his
grant of permission to appeal in the written order.  Given these mixed facts, we hold that the
trial court held a hearing on the merits of Appellant=s
application and denied relief.[3]  Consequently, this appeal does lie, and we
will treat Appellant=s sole point as contending that
the trial court abused its discretion by denying habeas corpus relief.

Appellant
appears to contend that because we held in our opinion affirming his conviction
that he was compelled to complete the field sobriety tests,[4]
his continued confinement is illegal. 
Appellant bases this proposition on his argument that all compelled
evidence violates Article One, sections Nine and Ten of the Texas Constitution
and article 1.05 of the Texas Code of Criminal Procedure and that therefore the
evidence should be excluded under article 38.23 of the Texas Code of Criminal
Procedure.[5]  The State contends that Appellant could have
raised this precise claim on direct appeal and therefore cannot raise it in a
collateral attack.  We agree.  As the Texas Court of Criminal Appeals has
held,








AThe Great Writ should not
be used in matters that should have been raised on appeal.@  Even a constitutional claim is forfeited if
the applicant had the opportunity to raise the issue on appeal.  This is because the writ of habeas corpus is
an extraordinary remedy that is available only when there is no other adequate
remedy at law.

 

There was nothing to prevent the applicant from raising this claim on
direct appeal.  He had an adequate remedy
at law.  Because the applicant did not
raise the issue on direct appeal, the applicant has forfeited his claim.[6]

Similarly,
nothing prevented Appellant from raising this claim on direct appeal.  He cannot raise it collaterally now; by not
raising it on direct appeal, he forfeited it.[7]  Accordingly, the trial court did not abuse
its discretion by denying habeas relief. 
We overrule Appellant=s sole
point and affirm the trial court=s order
denying habeas relief.

 

PER
CURIAM

PANEL F:    DAUPHINOT, J; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  June 28, 2007

 











[1]See Tex. R. App. P. 47.4.





[2]Tex. Code Crim. Proc. Ann. art. 11.09 (Vernon 2005).





[3]See Ex parte Hargett, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991); Ex parte Lamar,
184 S.W.3d 322, 323 (Tex. App.CFort Worth 2005, pet. ref=d).





[4]Redd v. State,
No. 02-05-00050-CR, 2006 WL 743963, at *2 (Tex. App.CFort
Worth 2006, pet. ref=d) (mem. op.) (not designated for publication).





[5]See Tex. Const. art. I, '' 9, 10; Tex.
Code Crim. Proc. Ann. arts. 1.05, 38.23 (Vernon 2005).





[6]Ex parte Townsend, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004) (citations omitted).





[7]See id.