COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-047-CR

EX PARTE BRETT TODD REDD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In one point, Appellant Brett Todd Redd appeals from the trial court’s denial of  postconviction habeas relief under article 11.09 of the Texas Code of Criminal Procedure.
(footnote: 2)  Because we hold that the trial court did not abuse its discretion by denying relief, we affirm the trial court’s order.

The State argues that Appellant’s appeal does not lie because the trial court denied the writ, not relief.  The record shows that Appellant filed an application for writ of habeas corpus on February 2, 2007, the same date as a previously scheduled “mandate hearing” for sentencing on his DWI conviction.  At the hearing, Appellant presented his application.  Contrary to the State’s assertions in its brief, the trial court did consider evidence—Appellant’s affidavit, signed and sworn in open court—before issuing its ruling.  The trial court also reviewed Appellant’s pleadings, recalled the trial court’s actions in the underlying case, and heard argument from both sides.  After stating, “All right.  I’ve heard argument from both the State and Defense regarding this writ of habeas corpus and I’m going to go ahead and deny it,” the trial court postponed sentencing and left Appellant out on the appeal bond that was already in place.

It is true that no writ appears in the record, and the trial court’s order states that the petition for writ of habeas corpus is denied, not that relief is denied.  However, the order also states that Appellant “has appeared in open court.  He has presented testimony and evidence.”  Additionally, the trial court repeated his grant of permission to appeal in the written order.  Given these mixed facts, we hold that the trial court held a hearing on the merits of Appellant’s application and denied relief.
(footnote: 3)  Consequently, this appeal does lie, and we will treat Appellant’s sole point as contending that the trial court abused its discretion by denying habeas corpus relief.

Appellant appears to contend that because we held in our opinion affirming his conviction that he was compelled to complete the field sobriety tests,
(footnote: 4) his continued confinement is illegal.  Appellant bases this proposition on his argument that all compelled evidence violates Article One, sections Nine and Ten of the Texas Constitution and article 1.05 of the Texas Code of Criminal Procedure and that therefore the evidence should be excluded under article 38.23 of the Texas Code of Criminal Procedure.
(footnote: 5)  The State contends that Appellant could have raised this precise claim on direct appeal and therefore cannot raise it in a collateral attack.  We agree.  As the Texas Court of Criminal Appeals has held,

“The Great Writ should not be used in matters that should have been raised on appeal.”  Even a constitutional claim is forfeited if the applicant had the opportunity to raise the issue on appeal.  This is because the writ of habeas corpus is an extraordinary remedy that is available only when there is no other adequate remedy at law.

There was nothing to prevent the applicant from raising this claim on direct appeal.  He had an adequate remedy at law.  Because the applicant did not raise the issue on direct appeal, the applicant has forfeited his claim.
(footnote: 6)
 Similarly, nothing prevented Appellant from raising this claim on direct appeal.  He cannot raise it collaterally now; by not raising it on direct appeal, he forfeited it.
(footnote: 7)  Accordingly, the trial court did not abuse its discretion by denying habeas relief.  We overrule Appellant’s sole point and affirm the trial court’s order denying habeas relief.

PER CURIAM

PANEL F: DAUPHINOT, J; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 28, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
Tex. Code Crim. Proc. Ann.
 art. 11.09 (Vernon 2005).

3:
See Ex parte Hargett
, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991); 
Ex parte Lamar
, 184 S.W.3d 322, 323 (Tex. App.—Fort Worth 2005, pet. ref’d).

4:
Redd v. State
, No. 02-05-00050-CR, 2006 WL 743963, at *2 (Tex. App.—Fort Worth 2006, pet. ref’d) (mem. op.) (not designated for publication).

5:
See
 
Tex. Const.
 art. I, §§ 9, 10; 
Tex. Code Crim. Proc. Ann.
 arts. 1.05, 38.23 (Vernon 2005).

6:
Ex parte Townsend
, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004) (citations omitted).

7:
See id.