NUMBER 13-08-00282-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


EX PARTE: LAURA SKINNER


 


On appeal from the 105th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Benavides


 

 Appellant, Laura Skinner, appeals from the trial court's order denying her pre-trial
petition for a writ of habeas corpus. By a single issue, Skinner argues that the trial court
erred by refusing to dismiss the prosecution on speedy trial grounds. We affirm.

I. Background

 The facts are undisputed. Skinner was arrested on December 14, 2007. After her
arrest, Skinner was released on $500 surety bond for the offense of gambling promotion
and a $1500 surety bond for the offense of engaging in organized criminal activity. See
Tex. Penal Code Ann. § 47.03 (Vernon 2003) (making gambling promotion a Class A
misdemeanor); id. § 71.02 (Vernon Supp. 2008) (making engaging in organized criminal
activity based on gambling promotion a state jail felony). 

 On January 2, 2008, the trial court imposed several bond conditions. Specifically,
among other things, Skinner was required to: (1) report weekly to a bond supervision
officer; (2) remain in the county of her residence unless given permission to leave by a
magistrate, judge, or pre-trial services officer; (3) permit a pre-trial services officer to visit
her at work, home, or elsewhere and provide the officer with contact information; (4) report
any new arrest to a pre-trial officer within twenty-four hours; (5) maintain a daily home
curfew from 9:00 p.m. to 6:00 a.m.; (6) refrain from consuming alcohol or controlled
substances; (7) avoid places where alcohol is possessed, sold, or given; (8) complete a
substance abuse evaluation; (9) submit to weekly substance abuse testing at her own
expense; (10) submit to substance abuse counseling; (11) refrain from possessing a
firearm; and (12) pay a $10 supervision fee every week.

 Three months after Skinner's arrest, on March 18, 2008, she filed a pre-trial petition
for habeas corpus, arguing that the trial court should dismiss the prosecution on speedy
trial grounds because the State had not yet brought formal charges against her. The State
did not file a response to the motion. On April 30, 2008, the trial court held a hearing on
the petition. Skinner was the only witness to testify. As of the date of the hearing, the
State had not yet presented an information or an indictment against Skinner. The State
did not present any evidence or argument. At the conclusion of the hearing on April 30,
2008, the trial court denied the petition and ordered Skinner to continue on bond
supervision. Skinner then filed a notice of appeal. 


II. State's Arguments


 By a single issue, Skinner argues that the trial court erroneously denied her petition
for habeas corpus relief. In its brief, the State does not address Skinner's speedy trial
argument; rather, the State argues that (1) because Skinner failed to comply with the oath
requirement in Code of Criminal Procedure article 11.14, there is nothing for this Court to
consider; and (2) Skinner cannot raise a speedy trial complaint by way of a pretrial habeas
corpus proceeding. We will address the State's arguments first, as they affect our ability
to review the merits of Skinner's argument.

A. Oath Requirement

 The State argues that Skinner's petition for a writ of habeas corpus was not made
under oath. See Tex. Code Crim. Proc. Ann. art. 11.14(5) (Vernon 2005). A petition for
writ of habeas corpus must be made under oath and must state that "the allegations of the
petition are true, according to the belief of the petitioner." Id. The State cites Ex parte
Gray, 564 S.W.2d 713, 714 (Tex. Crim. App. 1978), and Jordan v. State, 54 S.W.3d 783,
787 (Tex. Crim. App. 2001). Neither of these cases are directly on point. Rather, in Ex
parte Golden, the Texas Court of Criminal Appeals directly addressed the oath requirement
and its effect on review of a petition for writ of habeas corpus, and it controls our
disposition of this issue. 991 S.W.2d 859, 860-62 (Tex. Crim. App. 1999).

 In Golden, an inmate filed a petition for a writ of habeas corpus, but he did not
include a proper oath or its equivalent. Id. at 860. The Court of Criminal Appeals
determined that the oath was not a jurisdictional requirement, the failure of which
absolutely precluded review of the merits. Id. at 861-62. The court then decided it would
address the merits of the petition because (1) the State did not move to dismiss applicant's
application on the ground it is unsworn; (2) the State conceded that the applicant was
entitled to relief; (3) the trial court made relevant fact-findings; and (4) there was adequate
proof in the record to support applicant's claim. Id. at 862 & n.2.

 We have nearly the same situation here. First, the State did not move to dismiss
Skinner's petition on the ground that it was not sworn. We believe this is a defect that
could have been corrected had it been pointed out. Second, the State does not argue that
Skinner is not entitled to relief. Third, although the trial court did not make any findings of
fact, the facts are undisputed. Finally, we find adequate proof in the record to allow our
consideration of the merits of the petition--the petition is based on the fact that Skinner
has been subjected to bond conditions for a lengthy period of time and that the State has
yet to bring formal charges against her. The record adequately shows these facts. 
Accordingly, under the circumstances of this case, as in Golden, we will exercise our
discretion to review the merits. Id.; see also Ex parte Owens, 206 S.W.3d 670, 675-56 &
n.38 (Tex. Crim. App. 2006). 

B. Availability of Pretrial Habeas Corpus for Speedy Trial Claims

 Next, the State argues that a pretrial writ of habeas corpus is not available to seek
dismissal of a proceeding on speedy trial grounds because Skinner has an adequate
remedy at law. The State is correct that typically, a speedy trial argument is not cognizable
in a pretrial petition for habeas corpus because an adequate remedy at law exists. See
Ex parte Weise, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001) (citing Ex parte Delbert, 582
S.W.2d 145, 146 (Tex. Crim. App. 1979); Ex parte Jones, 449 S.W.2d 59, 60 (Tex. Crim.
App. 1970)); Ex parte Lamar, 184 S.W.3d 322, 323-24 (Tex. App.-Fort Worth 2005, pet.
ref'd) (op. on reh'g). In Lamar, the Fort Worth Court of Appeals explained that a defendant
has an adequate remedy at law because he could file a motion to dismiss the indictment
against him on speedy trial grounds, and that ruling would be appealable after conviction. 
184 S.W.3d at 324. 

 In contrast to the above authority, litigants have routinely used a pretrial writ of
habeas corpus to obtain relief when the accused has been arrested but the State has failed
to bring formal charges in a timely fashion. See, e.g., Ex parte Martin, 6 S.W.3d 524, 525
(Tex. Crim. App. 1999); State v. Fisher, 198 S.W.3d 332, 335 (Tex. App.-Texarkana 2006,
pet. ref'd) ("The traditional method for presenting a speedy trial claim before an indictment
is returned is through the filing of a pretrial application for writ of habeas corpus."). In these
circumstances, an indictment has not been presented; thus, the accused does not have
the ability to file a motion to dismiss the indictment, and there is no adequate remedy at
law. See Fisher, 198 S.W.3d at 336. Accordingly, we hold that an accused may raise a
speedy trial claim based on delay between an arrest and indictment in a pretrial petition for
a writ of habeas corpus, and we will review the merits of Skinner's arguments.

III. Pre-Indictment Delay

A. Standard of Review

 When reviewing a trial court's ruling on a speedy trial claim, we apply a bifurcated
standard of review, reviewing the factual components for abuse of discretion and the legal
components de novo. Zamorano v. State, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002). 
"Because appellant lost in the trial court on his speedy trial claim, we must presume the
trial court resolved any disputed fact issues in the State's favor, and we must also defer
to the implied findings of fact that the record supports." Id. Here, where the facts are
undisputed, "the primary issue in this case involves the legal significance of these facts to
appellant's claim." Id. 

B. Analysis

 The Sixth Amendment guarantees the right to "a speedy and public trial." U.S.
Const. amend. VI. When evaluating a speedy trial claim, we consider the factors set out
by the United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 530-33 (1972); 
Zamorano, 84 S.W.3d at 648; Harris v. State, 827 S.W.2d 949, 956 (Tex. Crim. App.
1992). These factors include: (1) "whether delay before trial was uncommonly long"; (2)
"whether the government or the criminal defendant is more to blame for that delay"; (3)
"whether, in due course, the defendant asserted his right to a speedy trial"; and (4)
"whether he suffered prejudice as the delay's result." Zamorano, 84 S.W.3d at 648
(quoting Barker, 407 U.S. at 530). 

 The right to a speedy trial is triggered by an arrest or an indictment, whichever
comes first. Nelson v. Hargett, 989 F.2d 847, 851 (5th Cir. 1993); see United States v.
McDonald, 456 U.S. 1, 7 (1982) (holding that period between arrest and indictment must
be considered when evaluating speedy trial claim); Harris, 827 S.W.2d at 956. "The length
of the delay is to some extent a triggering mechanism, so that a speedy trial claim will not
be heard until passage of a period of time that is, prima facie, unreasonable under the
existing circumstances." Harris, 827 S.W.2d at 956 (citing Barker, 407 U.S. at 530). If the
delay is not "presumptively prejudicial," we need not examine the other three Barker
factors. Zamorano, 84 S.W.3d at 648.

 The length of delay that will provoke a speedy trial inquiry depends on the
circumstances of the case. Id. at 649. For example, "'the delay that can be tolerated for
an ordinary street crime is considerably less than for a serious, complex conspiracy
charge.'" Id. (quoting Barker, 407 U.S. at 531). The Texas Court of Criminal Appeals has
held that a delay of four months is not presumptively prejudicial, but a delay of seventeen
months is. See Cantu v. State, 253 S.W.3d 273, 281 (Tex. Crim. App. 2008); Pete v.
State, 501 S.W.2d 683, 687 (Tex. Crim. App. 1973). Additionally, Texas courts of appeals
have held that a delay of eight months is "presumptively prejudicial" and triggers a speedy
trial analysis. See, e.g., State v. Rangel, 980 S.W.2d 840, 843 (Tex. App.-San Antonio
1998, no pet.). 

 In this case, Skinner was arrested on December 14, 2007. She was immediately
released on bond. On January 2, 2008, Skinner was ordered to appear, and the trial court
imposed bond conditions. On March 17, 2008, a mere three months after her arrest,
Skinner moved to dismiss and alleged a speedy trial violation. The trial court held a
hearing and denied the motion on April 30, 2008, just a little over four months after the
arrest. Under the circumstances, the four-month delay in this case was insufficient to
invoke the Barker analysis, as it was not presumptively prejudicial. See Cantu, 253 S.W.3d
at 281; Pete, 501 S.W.2d at 687. Accordingly, we need not consider the remaining Barker
factors, and the trial court did not err by denying the pretrial writ of habeas corpus. (1) 

IV. Conclusion

 Having overruled Skinner's issue, we affirm.





 

 GINA M. BENAVIDES,

 Justice

 

Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this the 13th day of August, 2009.

1. Texas Code of Criminal Procedure article 32.01 provides another means to obtain dismissal due
to delay in obtaining an indictment, although Skinner did not argue this provision below. See Tex. Code Crim.
Proc. Ann. art. 32.01 (Vernon 2006). Article 32.01 provides 


 When a defendant has been detained in custody or held to bail for his appearance to answer
any criminal accusation, the prosecution, unless otherwise ordered by the court, for good
cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment
or information be not presented against such defendant on or before the last day of the next
term of the court which is held after his commitment or admission to bail or on or before the
180th day after the date of commitment or admission to bail, whichever date is later.


Id. By statute, the terms of the 105th district court in Nueces County begin the first Mondays of February and
August. Tex. Gov't Code Ann. § 24.207 (Vernon Supp. 2008). Skinner was arrested on December 14, 2007,
which was in the August term. Id. Under this provision, the State had until the end of the February term to
indict Skinner, which would have been August 1, 2008. Skinner's motion was, therefore, premature by any
standard.