Mark Edwin HARDESTY, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–86–00717–CR.

Court of Appeals of Texas,
Dallas.

July 3, 1987.

Rehearing Denied Aug. 3, 1987.
Discretionary Review Refused
Nov. 18, 1987.

John William Booth, Dallas, for appellant.

Donald G. Davis, Dallas, for appellee.

Before HOWELL, McCLUNG and McCRAW, JJ.

HOWELL, Justice.

Mark Edwin Hardesty appeals his conviction of aggravated robbery, for which punishment was assessed at forty years. In one of his four points of error, appellant contends that he was denied a speedy trial guaranteed by the sixth amendment to the United States Constitution. Because we agree, we reverse the trial court's judgment and order the dismissal of the indictment.

The record reflects the following relevant facts: The robbery that appellant was convicted of committing occurred on November 9, 1983. Appellant was arrested on November 10, 1983, and was in custody continuously for 888 days, until his trial in this cause commenced on April 14, 1986. Appellant filed three motions to dismiss under the Speedy Trial Act (the Act)[1] on July 3, 1984, October 8, 1984, and December 31, 1985. The trial court denied each motion. During the period of his confinement, appellant was appealing his December 12, 1983 conviction of a separate offense. On December 7, 1985, the Texas Court of Criminal Appeals affirmed this Court's reversal of that conviction. In de-

nying appellant's motions for dismissal, the trial court stated that it was his policy that a defendant who was appealing a conviction for one offense would not receive another jury trial on any other offense before other jailed defendants had received their first jury trial. Thus, the trial court refused to set appellant's case for trial during the pendency of appellant's appeal. Appellant's trial in this cause commenced on April 14, 1986, approximately four months after the court of criminal appeals disposed of his previous appeal.

Appellant contends that, under the above facts, he was deprived of his constitutional right to a speedy trial. The right to a speedy trial secured by the sixth amendment is a "fundamental" right and is imposed on the states through the due process clause of the fourteenth amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 223, 87 S.Ct. 988, 993, 18 L.Ed.2d 1 (1967). Although appellant grounded his motions to dismiss on the Act rather than on the sixth amendment, appellant is not precluded thereby from asserting his constitutional right to a speedy trial for the first time on appeal. *Barker v. Wingo*, 407 U.S. 514, 528, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972). In determining whether appellant has been denied his right, we must assess the following factors: the length and reason for the delay, appellant's assertion of his right, and the prejudice that the delay caused appellant. *Id.* at 530, 92 S.Ct. at 2191.

The length of delay is not a dispositive factor, but if the length of delay is presumptively prejudicial, it will provoke consideration of the other factors. *Id.* We hold that the 888–day period between appellant's arrest and the commencement of his trial raises a presumption of prejudice that requires further inquiry of the other factors.

The trial court stated that the reason for the delay was the court's policy of refusing a jury trial to a defendant during the pendency of his appeal of a separate

---

1. TEX.CODE CRIM.PROC.ANN. art. 32A.02   (Vernon Pamph. 1987).

conviction while other jailed defendants were awaiting their first jury trial. Thus, the court was attempting to balance the competing speedy trial interests of the defendants on its overcrowded docket. Although the court's policy may have been directed toward the resolution of a common dilemma, the Constitution "places the primary burden on the *courts* and the prosecutors to assure that cases are brought to trial" in a timely manner. *Id.* at 529, 92 S.Ct. at 2191 (emphasis added). Moreover, although a court's overcrowded docket should be weighted less heavily against the government than, for instance, a prosecutor's deliberate delay, "the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Id.* at 531, 92 S.Ct. at 2192. Thus, the court's policy, even if unavoidable, does not adequately justify a delay for the length of time here involved, *viz.*, thirty months.

■ The third factor is whether the accused asserted his right to a speedy trial. In fact, such an assertion carries "strong evidentiary weight" in determining whether the government respected the defendant's right. *Id.* at 531–32, 92 S.Ct. at 2192. Here, the record reflects that appellant filed three dismissal motions, eight, eleven and fourteen months, respectively, after his arrest. Although appellant based the motions on the Texas Speedy Trial Act and not on the sixth amendment, such a distinction is meaningless in considering this factor. The motions clearly apprised the trial court and the State that appellant was asserting his right to a speedy trial. *Compare id.* at 534–35, 92 S.Ct. at 2194 (defendant took no action in 3½ years that could be construed as an assertion of right to speedy trial; the only motion to dismiss did not specifically assert the right).

■ The final factor enunciated by the Supreme Court is the prejudice to the accused that results from delay. Such prejudice is to be weighed in light of the interests that the sixth amendment protects, which the Supreme Court has identified as follows: i) to prevent oppressive pretrial incarceration; ii) to minimize the accused's anxiety; and iii) to limit the possibility that the defense will be impaired. *United States v. Ewell*, 383 U.S. 116, 123, 86 S.Ct. 773, 778, 15 L.Ed.2d 627 (1966). The most important of these interests is the third, because "the inability of a defendant to adequately prepare his case skews the fairness of the entire system." *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193. The defendant need not show actual prejudice, but must only make "some showing of prejudice" caused by the delay of his trial. *Harris v. State*, 489 S.W.2d 303, 308 (Tex.Crim. App.1973). "If witnesses ... disappear during the delay, the prejudice is obvious." *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193.

■ Appellant claims that the delay of his trial made it impossible for him to locate his only alibi witness. To sustain his position, he must show that the witness' testimony WOULD be relevant and material, that he exercised due diligence in attempting to locate the witness, and that the witness was unavailable at trial. *Harris*, 489 S.W.2d at 308. On April 14, 1986, after the case was finally brought to trial and on the first day thereof, appellant filed a motion for continuance in order to locate the missing alibi witness. In support of the motion, defense counsel testified that the witness would have testified that appellant was not at the location where the offense occurred at the time the offense was committed. Thus, the testimony of the witness who disappeared during the delay certainly would have been material and relevant to appellant's defense. *Cf. id.* (appellant testified that one missing witness knew undercover officer in whose presence offense was committed and that another missing witness accompanied undercover officer to location of the offense after it was committed; held, no showing of materiality or relevance). Moreover, *Barker* does not require appellant to show that the witness definitely would have testified favorably to the defense, but only that the prospective witness was a "material" one. *Phillips v. State*, 650 S.W.2d 396, 402 (Tex.Crim.App. 1983).

■ Appellant also showed that he exercised due diligence in attempting to lo-

cate the witness. In fact, appellant had secured the witness' presence at a previous trial setting on October 8, 1984, at which time the court further postponed the case and denied appellant's second speedy trial motion. Thereafter, the witness disappeared, so appellant hired a private investigator who made diligent, but unsuccessful attempts to locate the witness. In denying appellant's April 1986 motion for continuance, the trial court reasoned that he was "not convinced ... that the witness will be available ever...." Thus, despite appellant's diligent efforts, the potential alibi witness was not available to testify at trial. We conclude that appellant has made a sufficient showing of some prejudice resulting from the delay of his trial.

In balancing the factors enunciated in *Barker v. Wingo,* we hold that the State denied appellant his right to a speedy trial afforded by the sixth amendment to the United States Constitution. Therefore, we reverse the trial court's judgment and order that the indictment be dismissed. *See Strunk v. United States,* 412 U.S. 434, 437–40, 93 S.Ct. 2260, 2262–63, 37 L.Ed.2d 56 (1973). In doing so, we do not hold that a trial court, when it makes up its docket and decides which cases to place on trial, may not consider the fact that a certain defendant has already been convicted of another offense and is being held in custody on that offense. We agree that a court both can and should balance its docket and assign priority to certain cases.

On the other hand, we must recognize that the sixth amendment contains no exceptions. It does *not* guarantee a speedy trial *except in cases of docket congestion.* It mandates that all who are accused must have a speedy trial or they must be freed. The system must accommodate the sixth amendment because the sixth amendment will not accommodate the system. The Constitution demands that we maintain a judicial system that can and that does provide speedy trials.

We hold that the length of delay, plus the prejudice shown, entitle this defendant to a dismissal; the trial court delayed the case too long. It is so ordered.