Appeal Affirmed and Opinion Filed December 4, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

No. 05-10-01596-CR

---

## PAUL TYRELLE GATLIN, Appellant

### V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F03-72157-M**

---

# MEMORANDUM OPINION

Before Justices Moseley, FitzGerald, and Richter
Opinion By Moseley

Paul Tyrell Gatlin pled guilty to unlawful possession of cocaine and was placed on four years of community supervision. Thereafter, the trial court revoked Gatlin's community supervision and assessed punishment at six months' confinement. Gatlin appeals, asserting two issues. The background of the case and the evidence adduced at the hearing are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are clearly settled in law, we issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.1. We affirm the trial court's judgment.

In his first issue, Gatlin argues the trial court violated his right to a speedy trial under the federal and Texas constitutions because six years elapsed between the issuance of the capias and the hearing on the motion to revoke his community supervision. However, Gatlin failed to raise a speedy trial objection during the revocation proceeding. When a speedy trial claim is not raised at trial, no speedy trial issue is presented on appeal. *See Mulder v. State*, 707 S.W.2d 908, 914–15 (Tex. Crim. App. 1986).[1] Likewise, we hold that because Gatlin entered a plea of true to all but one of the alleged violations of his community supervision order at the revocation hearing without objecting or moving to dismiss, no speedy trial issue is preserved in the present case. *See id.; Guevara v. State*, 985 S.W.2d 590, 591–93 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). We resolve Gatlin's first issue against him.

In his second issue, Gatlin claims that the trial court abused its discretion by revoking his community supervision in spite of the State's failure to exercise due diligence in executing the capias. In 2003, the Texas Legislature added section 24 to article 42.12 of the Texas Code of Criminal Procedure to modify the common law affirmative defense to community supervision revocation. Under this section, it is a defense to revocation that an officer with power to arrest under the warrant failed to contact or attempt to contact the defendant in person at the defendant's last know residence or employment address. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 24 (West Supp. 2011). However, in order to trigger this defense, the charged violation of the community supervision agreement must be for "failure to report to a supervision officer as directed or to remain within a specified place." *Id.*

Here Gatlin entered a plea of true to six different violations of the community supervision agreement. These violations included: use or ingestion of controlled substances; failure to make

---

[1] In *Hardesty v. State*, this Court found an appellant who objected at trial on the grounds that the Speedy Trial Act had been violated was not precluded from raising constitutional speedy trial claims for the first time on appeal. *Hardesty v. State*, 738 S.W.2d 9, 10 (Tex. App.—Dallas 1987, pet. ref'd). However, the court of criminal appeals implicitly overruled that holding in *Dunn v. State* by finding an appellant who objected only on the basis of the Speedy Trial Act at the trial court did not preserve a claim of constitutional speedy trial violations on appeal. *Dunn v. State*, 819 S.W.2d 510, 526 (Tex. Crim. App. 1991).

–2–

restitution payments for urinalysis testing costs; failure to make payments for the cost of supervision; failure to complete 120 hours of community service; failure to submit to urine testing; and failure to undergo CATS testing. Any one of these violations is sufficient to revoke community supervision. *Nurridin v. State*, 154 S.W.3d 920, 924 (Tex. App.—Dallas 2005, no pet.); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(b) (West Supp. 2011) (if violation found, court may continue, extend, modify, or revoke community supervision). Even if the State had alleged failure to report or remain in a specified place, "the statute does not state, and cannot reasonably be interpreted to read, that it applies to all allegations as long as one of the allegations is the failure to report or to remain in a specified place." *Nurridin*, 154 S.W.3d at 924.

Gatlin argues we should ignore *Nurridin* and apply the traditional common law due diligence rule because of a "split in the courts of appeals." In support of this proposition, Gatlin cites cases from various other districts. However, the only support Gatlin finds in these cases is dicta. *See Houston v. State*, 01-09-00669-CR, 2011 WL 946979, at *3 (Tex. App.—Houston [1st Dist.] Mar. 17, 2011, no pet.) (mem. op., not designated for publication) (decision based on defendant's arrest prior to expiration of community supervision period, assertion relied on by defendant cites to a pre-2003 case that was not relied on by court in its decision); *Hodge v. State*, 2-08-030-CR, 2-08-031-CR, 2008 WL 5265149, at *1 (Tex. App—Fort Worth Dec. 18, 2008, pet. struck) (mem. op., not designated for publication) (deciding issue on defendant's failure to raise the issue at the trial court); *Maillet v. State*, 07-11-0406-CR, 2012 WL 631912, at *2 (Tex. App.—Amarillo Feb. 28, 2012, no pet.) (mem. op., not designated for publication) (court stated: "it *may* be true that the State must use diligence in executing the capias . . .," but decided issue on basis of procedural default (emphasis added)); *DeLeon v. State*, 13-10-00581-CR, 2012 WL 914950, at *4 (Tex. App.—Corpus Christi Mar. 15, 2012, no pet.) (mem. op., not designated for publication) (proposition relied on by Gatlin cites to 2002 case, case decided on other grounds).

Because this Court's precedent is well settled that the affirmative defense of due diligence applies only to violations for failure to report or failure to remain at a designated location, and because Gatlin does not convince us to reconsider it, we decide Gatlin's second issue against him.

Having overruled both of Gatlin's points of error, we affirm the judgment of the trial court.

_____
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
101596F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PAUL TYRELLE GATLIN, Appellant

No. 05-10-01596-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 194th Judicial District Court of Dallas County, Texas (Trial Court No. F03-72157-M).

Opinion delivered by Justice Moseley, Justices FitzGerald, and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED.**

Judgment entered December 4, 2012.

_____
JIM MOSELEY
JUSTICE